IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DEREK DEDE, #253851,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.  1:07-CV-929-WKW |
| | ) |
| **SHERIFF BEN MOATES, et al.,** | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' OBJECTION TO ORDER GRANTING PLAINTIFF'S MOTION FOR DISCOVERY

COME NOW Ben Moates, Zack Ennis, Richard Moss, Candida Stokes, Austin Redman, and Jeffrey Shelton, Defendants in the above-styled cause, and submit this Objection to the Court's April 2, 2008 Order granting Plaintiff's Motion for Discovery in the above-referenced matter.  As grounds therefor, the Defendants set down and assign the following:

1.  On April 24, 2007, the Plaintiff originally brought suit against former Coffee County Sheriff Ben Moates and former Coffee County Jail Administrator Zack Ennis alleging that he had been exposed to tuberculosis (hereinafter "TB") and denied medical care.  (See Dede v. Moates, United States District Court for the Middle District of Alabama, Case No. 1:07-cv-344-MEF-SRW, Doc. 1.)

2.  The Plaintiff's first lawsuit was dismissed on August 29, 2007, when the Plaintiff failed to respond to the Defendants' Special Report as ordered.  Id. at Docs. 16, 17, 18.  Less than two months later, the Plaintiff began the instant litigation, which alleged the same claims as his initial Complaint in addition to an infliction of emotional distress claim upon the grounds that he suffered "trauma" when deputies used force on other inmates to regain control of the Plaintiff's cell block during a riot. (Doc. 1.)

3. On April 1, 2008, the Plaintiff filed a Motion for Discovery and six sets of interrogatories to each Defendant and two sets of Requests for Production. (Docs. 51-59.) All the discovery sought by the Plaintiff appears to relate to the incidents surrounding the riot in the Coffee County Jail on March 3, 2007.

4. On April 2, 2008, this Court granted the Plaintiff's Motion for Discovery without allowing the Defendants to respond. (Docs. 60, 61.) The Court limited the discovery in this case to production of "all incident reports and officer statements as a result of the March 3, 2007 inmate riot" through the filing of a supplemental Special Report. (Doc. 60.)

5. As discussed at length in the Defendant' Special Report, the Plaintiff has not and cannot state a claim under § 1983 for circumstances that had nothing to do with him and which occurred while he was locked down in his cell. (Doc. 48.)

6. Notably, the Plaintiff does not claim in his Complaint that he was the recipient of any use of force from any Defendant during the March 3, 2007 jail riot, or even that he was in any way involved in the riot. In fact, all the evidence before the Court reveals, and the Plaintiff does not dispute, that he was locked down in his cell during the entire riot. (Exhibits A-Q, Doc. 48, p. 6.)

7. The Plaintiff's discovery brings to light the fact that the addition of this claim for emotional distress in his second lawsuit is the result of his incarceration with Shawn Burks and Timothy Council, both of whom were inmates in the Coffee County Jail and both of whom filed separate lawsuits for claims arising out of their participation in the March 3, 2007 riot.[1] (See Doc. 51, p. 1, "I later learned that there were some inmates that received minor injuries from bean bag rounds.") All three inmates are now in the custody of the Alabama Department of

---

[1] Shawn Burks filed a similar "Motion for Discovery" in his case, which was denied by the Court. (See Docs. 17, 19, to case number 1:07-cv-377-MEF-TFF.) This "discovery" by the Plaintiff is a thinly-veiled attempt to collect documents from these Defendants that relate solely to claims raised by other Plaintiffs in other cases, with whom the Plaintiff now has contact.

2

Corrections. In fact, most of this discovery relates to incidents that occurred in a different cell from the one where the Plaintiff was locked down. (See generally, Docs. 51-59.) This discovery is not reasonably calculated to lead to the discovery of evidence admissible to support any claim that the Plaintiff may bring.

    8.    Significantly, the Plaintiff's claim involving the jail riot is a state law claim from which all the Defendants are immune under Article § 14 of the Alabama Constitution. Parker v. Amerson, 519 So. 2d 442, 445 (1987) (holding the Sheriff immune from suit although sued "individually, and as Sheriff"); Ex parte Purvis, 689 So. 2d 794, 796 (Ala. 1996) (holding sheriff and deputy were entitled to sovereign immunity in both their individual and official capacities); Ex parte Haralson, 871 So. 2d 802, 807 (Ala. 2003) (holding deputy sheriff entitled to sovereign immunity).

    9.    Immunity is not just a defense, it is an entitlement not to stand trial. Mitchell v. Forsyth, 472 U.S. 511, 525 (1985). "The entitlement not to stand trial or face the other burdens of litigation provided by the doctrines of absolute immunity and qualified immunity is effectively lost if a case is erroneously allowed to go to trial." Rich v. Dollar, 841 F.2d 1558, 1560 (11th Cir. 1988) (citing Mitchell, 472 U.S. at 525). "The doctrine of qualified immunity was developed to defray the social costs of litigation against government officials. Harbert Intern., Inc. v. James, 157 F.3d 1271, 1281 (11th Cir. 1998) (emphasis original) (citing Harlow v. Fitzgerald, 457 U.S. 800, 814 (1982) ("These social costs include the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office")). If the Defendants are required to respond to the Plaintiff's discovery prior to the Court's ruling on their motion for summary judgment contained in their Special Report, they will have effectively lost the protection of absolute and qualified immunity as they will have incurred the

costs and expenses they were entitled to avoid altogether.  Harlow, 457 U.S. at 814; James, 157 F.3d at 1281.

10. Further, the Defendants have provided this Court and the Plaintiff with extensive evidence, testamentary and documentary, regarding the March 3, 2007 inmate riot.  (See Doc. 48.)  Any further production of documents would necessarily be duplicative and contrary to principles of judicial economy.

WHEREFORE, PREMISES CONSIDERED, former Coffee County Sheriff, Ben Moates; former Coffee County Jail Administrator, Zack Ennis; current Coffee County Jail Administrator, Richard Moss; and Coffee County Corrections Officers, Candida Stokes, Austin Redman, and Jeffrey Shelton, respectfully request that this Court reconsider its Order granting the Plaintiff's Motion for Discovery and deny the Plaintiff's Motion.

Respectfully submitted this 3rd day of April, 2008.

**s/Joseph L. Hubbard, Jr.**
GARY L. WILLFORD, JR., Bar No. WIL198
JOSEPH L. HUBBARD, JR., Bar No. HUB015
Attorneys for Defendants
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  jhubbard@webbeley.com

**CERTIFICATE OF SERVICE**

 I hereby certify that on this the 3rd day of April, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

> Derek Dede, AIS #253851
> Easterling Correctional Facility
> 200 Wallace Drive
> Clio, AL  36017

        **s/Joseph L. Hubbard, Jr.**
        OF COUNSEL