IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

DEREK DEDE, #253851,
  PLAINTIFF,

V.                                    CIVIL ACTION NO. 1:07-CV-929-WKW

EX-SHERIFF BEN MOATES, et. al.,
  DEFENDANT'S,

RECEIVED
2008 APR -8  A 10:01
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## PLAINTIFF'S OBJECT TO DEFENDANT'S MOTION TO THIS COURT GRANTING DISCOVERY

STATE OF ALABAMA.)
COUNTY OF COFFEE.)

COMES NOW THE PLAINTIFF DERE DEDE, PRO-SE, RESPECTFULLY MOVES THIS HONORABLE COURT WITH THIS MOTION IN THE ABOVE STYLE CAUSE, AND WILL OFFER THE FOLLOWS:

1. THE PLAINTIFF'S DEDE CONTENDS TO THIS COURT THAT DEFENDANT'S CONTENTION THAT HE SEEK DISCOVERY FOR OTHER INMATES IS TO THE CONTRARY, AND CONTRADITED TO MISLEAD THE COURTS IN AN EFFORT TO COVER UP THEIR DEVASTATING ACT OF WRONG TOWARD MR. DEDE. MR. DEREK DEDE STILL SUFFER TO DAY BY THE GUN FIRING'S IN A LOCK DOWN CELL BLOCK 2. YES HE WAS INJURY IN THAT RADIATED. AND THE DISCOVERY OF OFFICER'S STATEMENT'S IS THE BASIC TO HIS AMENDMENT IN ADDITIONAL OFFENSE.

IF THE DEFENDANT'S WANT TO SELECT TO END THIS DISPUTE, THEY SHOULD SET FORTH THEIR MOTION.

2. Defendant's motion to object is to the contrary. Plaintiff's dede do not know the whereabout of the inmates involved in the panorama acts of defendant's rate of cell block 2, and he has a constitutional right not to be "traumatized" while lock down in his cell block 2, and plaintiff's claim is a federal claim and not state claim, and there is a different set of facts for defendant's to try to declar.

3. And the defendant's are the right person's under § 1983, the officer's known or should have known that their action infringed was clearly established constitutional right against excessive force to any inmates lock down, plaintiff's dede was exposure to that panorma ement that "traumatized" plaintiff's as of the day, he still on ~~active need~~ mental medicine to deal with every day active.

Civil right key 1276(6) Sheriff's, Police, and other Peace officers Capitol Police officer was not entitled to qualified immunity from § 1983 claim that he used excessive force in arresting.

M.D. Ala. 2004. Once Eighth amendment excessive force violation has been established, there is no rome for qualified immunity. U.S.C.A. Const. Amend. 8- <u>Bozeman ex rel. Estate of Haggard v. Orum 302 F. Supp. 2D. 1310.</u>

cc

4. The Plaintiff's dede object to defendant motion asking the court's to reconsider his order granting discovery, if the court defendant's motion it would hobble plaintiff's in his effort to amend Sheriff Sutton and deputy Neal and Bradley and officer Michale Hines. And Sergeant Shelton who fired the first shot in cell block 2 while it was lock down. That is one of the reason why dismissed Jeller got dismissed because he refused to open cell 2 for them officer is to fire there "shots gun's" in that cell Richard B. Moss at (P. 3, 20) at (P. 4, 20) those deputies used excessive force in the wrong manner. The plaintff is not concern about the other inmates and what they do about that situation's that occurred. See,

Rivas V Freeman. 949 F 2D 1491 (11th Cir 1991)

[2] The sheriff and deputies also contend that they were entitled to Eleventh Amendment Immunity. We review the deputies Eleventh Amendment claim under a plenary standard. Gamble at 512. Our recent decision in Hufford v Rodgers. 912 F 2D 1338 (11th Cir 1990) is the controlling on this claim. In Hufford, we hold that Florida Sheriff's and their deputies are county officals and not state officals. Hufford. at 1342. Because the funds used to satisfy assessment's of liablity against sheriff's and their deputies are not paid from the state's treasury. We hold in this case that the Eleventh amendment does not protect Florida Sheriff's and deputies from liability for claims brought pursuant to 42 U.S.C. § 1983.

cc:

3

5 PLAINTIFF'S DEDE CONTENDS TO THIS COURTS THAT IF THEY WANT TO COME END OUT THE RAIN, THE DOOR IS OPEN, BECAUSE THERE IS GENIUS CLAIMS OF GENUINE ISSUES FOR JURY TRIAL, THIS PANORAMA HAS NOT EXHUME IT'S CLIMAX YET, AND ASK THIS COURT TO DENIED DEFENDANT'S MOTION TO OBJECT TO GRANTING DISCOVERY.

6a IF THIS COURT'S DENIED DEFENDANT'S OBJECTION, THE PLAINTIFF WILL BRING TO LIGHT THAT THE DEPUTIES WERE ANGERY AND WENT TO CELL TO CELL SHOTING INMATES WITH THE BEAN BAG ROUNDS WHILE THEY WERE LOCK DOWN, NO BODY DID NOT KNOW THAT THE DEPUTIES WAS SHOOTING REAL BULLETS OR NOT.

THE PLAINTIFF'S DEDE STRESS TO THIS COURTS THE HE DO NOT KNOW THE WHERE ABOUT OF SHAWN BURKS OR ANY OTHER INMATES FILED SIMILAR DISCOVERY'S IN HIS CASE, AND IS NOT TRYING TO COLLECT EVIDENCE FOR OTHER INMATES. AND HAS NOT CONTACT EITHER INMATES AS THAT WOULD PUT HIM IN LOCK DOWN STATUS IF HE DID SO.

AND PLAINTIFF WILL CATES FEDERAL CASES ON THE SOVEREIGN IMMUNITY IF HE HAS TO, BECAUSE ALL OF HIS CLAIMS ARE FEDERAL CLAIMS AND NOT STATE CLAIMS.

WHEREFORE, THE PLAINTIFF PRAYS THAT THE COURT WILL CONTINUE TO EXERCISE IT'S INHERENT POWER OVER CONDUCT OF HIS ORDER GRANTING PLAINTIFF DISCOVERY AS JUSTICE REQUIRES. AND RESTRAIN FROM THE CONTRARY ATTEMP OF DEFENDANT'S MOTION FILED ON APRIL 3/ 2008

RESPECTFULLY SUBMITTED
DEREIS DEDE.

CC:

4

## CERTIFICATE OF SERVIC

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF FOREGOING PLEADING UPON:

WEBB & ELEY, P.C.
P.O. BOX 240909
MONTGOMERY, ALABAMA 36124

BY PLACING SAME IN THE UNITED STATES MAIL, FIRST CLASS POSTAGE PREPAID AND PROPERLY ADDRESSED APRIL 7/2008

RESPECTFULLY SUBMITTED

DEREK DEDE #253851
200 WALLACE DRIVE
CLIO, ALABAMA 36017

CC:

5

DEREK DEDE #253851
EASTERLING CORRECTIONAL FACILITY
200 WALLACE DRIVE
CLIO, ALABAMA 36017

MONTGOMERY AL 351
07 APR 2008 PM 4 T



OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

36101/0711