IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEREK DEDE, #253851, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-CV-929-WKW |
| ) | |
| SHERIFF BEN MOATES, et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' RESPONSE TO SHOW CAUSE ORDER

COME NOW Ben Moates, Zack Ennis, Richard Moss, Candida Stokes, Austin Redman, and Jeffrey Shelton, Defendants in the above-styled cause, and submit this Response to this Court's April 8, 2008 Order to show cause why the Plaintiff's Motion for Discovery should not be granted to the extent that it requires these Defendants to produce copies of all incident reports/officer statements prepared as a result of the March 3, 2007 inmate riot. As grounds therefor, the Defendants set down and assign the following:

1.   On April 1, 2008, the Plaintiff filed a Motion for Discovery and six sets of interrogatories to each Defendant and two sets of Requests for Production. (Docs. 51-59.) All the discovery sought by the Plaintiff appears to relate to the incidents surrounding the riot in the Coffee County Jail on March 3, 2007.

2.   On April 2, 2008, this Court granted the Plaintiff's Motion for Discovery without allowing the Defendants to respond. (Docs. 60, 61.) The Court limited the discovery in this case to production of "all incident reports and officer statements as a result of the March 3, 2007 inmate riot" through the filing of a supplemental Special Report. (Doc. 60.)

3. On April 3, 2008, these Defendants filed an Objection to the Court's Order Granting the Plaintiff's Motion for Discovery, and on April 4, 2008, the Court entered an Order vacating its April 2, 2008 Order granting the Plaintiff's Motion for Discovery. (Docs. 63, 64.)

4. On April 8, 2008, the Plaintiff filed an Objection to the Defendants' Objection to the Court's Order Granting Discovery, arguing that all of his claims are federal claims, and that he is seeking discovery for the benefit of his own claims, not those of other Plaintiffs who have filed actions arising out of the March 3, 2007 inmate riot.

5. As argued in the Defendants' Objection to this Court's April 2, 2008 Order granting discovery in this case, the Plaintiff does not claim in his Complaint that he was the recipient of any use of force from any Defendant during the March 3, 2007 jail riot, or even that he was in any way involved in the riot. In fact, all the evidence before the Court reveals, and the Plaintiff does not dispute, that he was locked down in his cell during the entire riot. (Doc. 48, p. 6; Exhibits A-Q to Doc. 48.)

6. Even if the Plaintiff is correct in arguing that, if he is allowed discovery, he "will bring to light that the deputies were ang[]ry and went from cell to cell sho[o]ting inmates with the beanbag rounds while they were lock[ed] down," these facts have no bearing on any claim alleged in his Complaint. (Doc. 65, p. 4.) The Complaint alleges two deliberate indifference claims and an infliction of emotional distress claim. (Doc. 1, pp. 2-3.) The evidence shows, and the Plaintiff concedes, that he was not subjected to any use of force by any Defendant during the inmate jail riot of March 3, 2007. The Plaintiff can assert no constitutional claim arising out of the inmate riot, because a valid claim regarding use of force requires the allegation that the force was used *against the Plaintiff* for a punitive purpose. See Whitley v. Albers, 475 U.S. 312, 320-21 (1984); Bozeman v. Orum, 422 F.3d 125 (11th Cir. 2005). Accordingly, the only cognizable

claim that the Plaintiff could advance out of the facts surrounding the March 3, 2007 inmate riot is a claim for infliction of emotional distress.

7. A claim for infliction of emotional distress, such as the one for which the Plaintiff seeks discovery, does not arise under any federal statute or constitutional provision. See City of Riverside v. Rivera, 473 U.S. 1315, 1316 (U.S. 1985) (distinguishing between constitutional claims brought under "42 U.S.C. §§ 1981, 1983, 1985(3), and 1986, and *pendent state claims* for conspiracy, *emotional distress*, assault and battery, bodily injury, property damage, breaking and entering a residence, malicious prosecution, defamation, false arrest and imprisonment, and negligence") (emphasis added); Brown v. Metropolitan Atlanta Rapid Transit Authority, ___ F.3d ___ [No. 06-16434, Jan. 7, 2008] [2008 WL 60279], 3 (11th Cir. 2008) (distinguishing between constitutional claims brought under "42 U.S.C. §§ 2000e, *et seq.*, 42 U.S.C. § 1981 and 42 U.S.C. § 1983, respectively, [and] *a state law claim for intentional infliction of emotional distress*") (emphasis added). No case from this Circuit or any other Circuit has recognized the infliction of emotional distress as violating any provision of the United States Constitution. Despite the Plaintiff's contention to the contrary, the Plaintiff's claim for emotional distress could only be construed as one arising under Alabama law.[1]

8. If the Plaintiff had asserted a proper federal claim in his Complaint under § 1983, this Court could assert supplemental jurisdiction over his state law claim for emotional distress under 42 U.S.C. § 1367. However, this Court would apply Alabama law in determining the validity of the Plaintiff's state law claim for emotional distress. See American United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1059 (11th Cir. 2007) ("Federal courts adjudicating state law

---

[1] The Plaintiff contends in his Objection to the Defendants' Objection to the Court's Order Granting Discovery that he "will cites [sic] federal cases on the sovereign immunity if he has to because all of his claims are federal claims and not state claims." (Doc. 65, p. 4.) The Plaintiff has not cited in any pleading before this Court any case that recognizes a federal cause of action under § 1983 for infliction of emotion distress, nor can the Plaintiff cite such a case because no such federal claim exists.

claims apply the substantive law of the state where they render decisions) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)).

9. As a matter of long-standing Alabama law, Article I, § 14 of the Alabama Constitution affords these Defendants absolute immunity from the Plaintiff's state law claim for infliction of emotional distress. Article I, § 14 of the Alabama Constitution of 1901 ("the State of Alabama shall never be made a defendant in any court of law or equity"). The Sheriff of Coffee County is an executive branch constitutional officer of the State of Alabama. See Article V, § 112 of the Alabama Constitution of 1901; see also McMillian v. Monroe County, 520 U.S. 781, 793 (1997) (holding that an Alabama sheriff acts for the state and not his county when carrying out law enforcement duties); Carr v. City of Florence, 916 F.2d 1521, 1525-26 (11th Cir. 1990). Therefore, a suit against him is a suit against the State of Alabama. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Lancaster v. Monroe County, 116 F.3d 1419, 1429 (11th Cir. 1998). Similarly, because the other Defendants, as deputies or jailers, act for the Coffee County Sheriff, they are also considered to be state constitutional officials. Lancaster, 116 F.3d at 1429 (jailers); Tinney v. Shores, 77 F.3d 378, 383 (11th Cir. 1986) (deputies).

10. As executive branch, constitutional officers of the State at the time of the alleged incidents, the Defendants are immune from suit under Article I, § 14 of the Alabama Constitution of 1901. This section immunizes them from *all* state law claims, including claims for infliction of emotional distress, even though they are sued in their individual capacities. Tinney, 77 F.3d at 383 (holding sheriff and deputy sheriff were entitled to state sovereign immunity); Lancaster, 116 F.3d at 1431 (holding sheriff and jailers were entitled to sovereign immunity); Parker v. Amerson, 519 So. 2d 442, 445 (1987) (holding the Sheriff immune from suit although sued "individually, and as Sheriff"); Ex parte Purvis, 689 So. 2d 794, 796 (Ala. 1996) (holding sheriff and deputy were entitled to sovereign immunity in both their individual and

official capacities); Ex parte Haralson, 871 So. 2d 802, 807 (Ala. 2003) (holding deputy sheriff entitled to sovereign immunity).

11.  As a matter of well-settled law, these Defendants are entitled to absolute immunity from the Plaintiff's infliction of emotional distress claim.  Any discovery as to that claim would defeat the very purpose of the immunity to which these Defendants are entitled.

12.  Immunity is not just a defense, it is an entitlement not to stand trial.  Mitchell v. Forsyth, 472 U.S. 511, 525 (1985).  "The entitlement not to stand trial or face the other burdens of litigation provided by the doctrines of absolute immunity and qualified immunity is effectively lost if a case is erroneously allowed to go to trial."  Rich v. Dollar, 841 F.2d 1558, 1560 (11th Cir. 1988) (citing Mitchell, 472 U.S. at 525).  "The doctrine of qualified immunity was developed to defray the social costs of litigation against government officials."  Harbert Intern., Inc. v. James, 157 F.3d 1271, 1281 (11th Cir. 1998) (emphasis original) (citing Harlow v. Fitzgerald, 457 U.S. 800, 814 (1982) ("These social costs include the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office")).  If the Defendants are required to respond to the Plaintiff's discovery prior to the Court's ruling on their motion for summary judgment contained in their Special Report, they will have effectively lost the protection of absolute and qualified immunity as they will have incurred the costs and expenses they were entitled to avoid altogether.  Harlow, 457 U.S. at 814; James, 157 F.3d at 1281.

13.  Further, the Defendants have provided this Court and the Plaintiff with extensive testimonial and documentary evidence regarding the March 3, 2007 inmate riot.  (See Doc. 48; Exhibits A-Q to Doc. 48.)  Any further production of documents would necessarily be duplicative.

14. Because the only claim asserted in the Complaint that bears any relation to the discovery requested by the Plaintiff is a state law claim for infliction of emotional distress from which these Defendants are absolutely immune under Article I, § 14 of the Alabama Constitution, the requested discovery is gratuitous and wasteful of this Court's resources.

WHEREFORE, PREMISES CONSIDERED, former Coffee County Sheriff, Ben Moates; former Coffee County Jail Administrator, Zack Ennis; current Coffee County Jail Administrator, Richard Moss; and Coffee County Corrections Officers, Candida Stokes, Austin Redman, and Jeffrey Shelton, respectfully request that this Court deny the Plaintiff's Motion for Discovery.

Respectfully submitted this 17th day of April, 2008.

        **s/Joseph L. Hubbard, Jr.**
        GARY L. WILLFORD, JR., Bar No. WIL198
        JOSEPH L. HUBBARD, JR., Bar No. HUB015
        Attorneys for Defendants Ben Moates,
        Zack Ennis, Richard Moss, Candida Stokes,
        Austin Redman, and Jeffrey Shelton
        WEBB & ELEY, P.C.
        7475 Halcyon Pointe Drive (36117)
        Post Office Box 240909
        Montgomery, Alabama 36124
        Telephone: (334) 262-1850
        Fax: (334) 262-1889
        E-mail: jhubbard@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of April, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

        Derek Dede, AIS #253851
        Easterling Correctional Facility
        200 Wallace Drive
        Clio, Alabama 36017-2615

        **s/Joseph L. Hubbard, Jr.**
        OF COUNSEL