IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2008 APR 23  A 10: 03

A. P. HACKETT C.
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

DEREK DEDE, #253951,
   PLAINTIFF.

V.                          Civil Action No: 07-CV-929-WKW.

EX SHERIFF'S BEN MOATES, et.al.,
   DEFENDANTS.

## MOTION TO OBJECT TO DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER.

COMES NOW PLAINTIFF THROUGH THE ASSISTANCE PR.SE., AND RESPECTFULLY MOVES THIS HONORABLE COURT IN THE ABOVE STYLE CAUSE, AND FOR GOOD CAUSE SHOWN WHY DISCLOSURE IS PREREQUISITE:

### PLAINTIFF ADOPTED DEFENDANT'S OF SECTION OF THE COURT'S ORDERS

1. THE ASSISTANCE WANT TO BRING TO THE COURT'S ATTENTION DEFENDANT'S INTENT IN DRAGING THEIR RESPONSE ON APRIL 17/2008 ONE DAY BEFORE APRIL 18/2008, THEY ARE TRYING TO BY TIME SO THE PLAINTIFF HAVE TO ASK FOR MORE TIME TO COMPLY WITH THIS COURT ORDER BY MAY 10/08

1

ec:

PLAINTIFF ARGUED DEFENDANT OBJECTION TO THE COURTS ORDER APRIL 2, 2008 GRANTING DISCOVERY IN THIS CASE. PLAINTIFF CANNOT EFFECIVELY ALLEGED A CONSTITUTIONAL VIOLATION WITHOUT A PROPER CAUSE TO AMEND.

IN THE SUPPOSE RIOT IN THE COFFEE COUNTY JAIL ON MARCH 3/2007 SHERIFF BEN MOATES WAS NOT OF THE COFFEE COUNTY JAIL, SHERIFF'S DAVE SUTTON WAS AND HIS DEPUTIES CROSS THE BRIGHT LINE OF EXCESSIVE FORCE WHEN PUTING THOSE SHOTS GUN'S IN PLAINTIFF CELL TO PUT FEAR IN HIM WHEN IN FACTS HIS BOY AND FEAR FOR THEIR LIFES. THE SHERIFF'S SUTTON SHOULD HAVE KNOWN THE ACTION'S HE ORDED WAS CLEARLY WRONG.

DEFENDANT'S HAVE FILED TWO OBJECTION AND THIS COURT'S HAVE DENIED BOTH OBJECTION'S IN GOOD FAITH OF JUSTICE. AND ASK THIS COURT'S TO COMPLE DISCOVERY AS NECESSAIRY.

PLAINTIFF'S ONLY WANT THE INCIDENT REPORTS OF WHY THE JAILER WAS FIRED. THE COFFEE COUNTY JAIL HAVE CAMERAS SHOWING THE OFFICER GOING FROM CELLS TO CELLS POINTTING THEIR "SHOT'S GUN'S" IN THE FACE OF THE PLAINTIFF'S AND HIS SUN. AS IT WAS CLEARLY STATED BY PLAINT'S, THE OFFICER'S WAS ANGRY WHEN THEIR ARRIVED AT THE JAIL, THE FIRST THING THEY DID WAS GET THEM "SHOTS GUN'S" OUT WITH THE INTENT TO CAUSE HARM AS THEY DID.

2

CC:

THE PLAINTIFF'S CONTENDS THAT SOMEBODY ORDER THE GUN'S TO BE FIRED, THE "INCIDENT" REPORTS WILL SHOW EXACTLY WHAT HAPPEN, THE INCIDENT REPORTS IS FOR THE PLAINTIFF BENFIT AND NOT FOR THE OTHER INMATES WHO MIGHT HAVE A CLAIM.

THE "SHOT'S GUN'S WAS A THREAT" TO PLAINTIFF TO PLAINTIFF LIFE, WHEN THE DEPUTIES WENT TO CELLS TO CELLS POINTING THEIR "SHOT'S GUN'S IN THE FACE OF PLAINTIFF WHILE LOCK DOWN IN THE CELL'S. OFFICER "MICHAEL HINES" ASSISTED IN RETAKING OF THE JAIL, THE "INCIDENT REPORT" WILL SHOW WHETHER HE IS A DEFENDANT OR A WITNESS WHO WILL BE CALL BY SUBPOENA. SEE PRIESTER V CITY OF RIVIERA BEACH FLA. 208 F3D 199, AT 926. BURGLARY SUSPECT WHO HAD BEEN BITTEN BY POLICE DOG BROUGHT 1983 ACTION AGAINST POLICE OFFICERS FOR USE OF EXCESSIVE FORCE, FOLLOWING JURY VERDICT AWARDING SUSPECT COMPENSATORY AND PUNITIVE DAMAGES. SEE ALS. MELOY V BACHMEIER CITE AS 302 F3D 845, AT 847. (8TH CIR. 2002) ID, WE ALSO COMMENTED THAT OUR DECISION WOULD NOT PRECLUDE SUMMARY JUDGMENT IF MELOY COULD NOT BE ESTABLISH THE PREREQUISITE FACTS. ID. BACHMEIER LATER MOVED FOR SUMMARY JUDGMENT BASED IN PART ON QUALIFIED IMMUNITY, ASSERTING SHE RELIED ON THE DOCTOR'S ORDERS. THE DISTRICT COURT DENIED BACHMEIER'S MOTION- FINDING FACTUAL ISSUES PRECLUDED SUMMARY JUDGMENT. THE COURT CONCLUDED QUALIFIED IMMUNITY WAS INAPPROPRIATE.

CC:

3

The plaintiff's moves this court to compel defendant's without further due to disclose the prerequisite material.

The plaintiff is correct in arging that, if he is allowed discovery, he "will bring to light that the deputies were angory and went from cell to cell shoting inmates with the beanbag rounds while they were locked down." These facts do have claim to be included in the amendment's.

Defendant's contends in their objection to the court's April 2, 2008 order granting discovery in this case, the plaintiff does not claim in his complaint that he was recipient of any use of force from any defendant during the March 3, 2007 jail rior.

That is why disclosure is the basic to the amend other defendant's, without disclosure the plaintiff cannot show a proper constitutional violation by sheriff's Dave Sutton, and officer now Neal Bradley, and officer Michael Hines. Those forementian could be a defendant's or ripe for a subpoena for hearing or jury trial. And ask this court to take prompt action in compelling disclosure.

---

Plaintiff does not have to cite any federal cases on the sovereign immunity at this point.

cc:

4

THE ABOVE PARTICULARS ARE MATERIAL AND NECESSARY IN THE PREPARATION OF THE DEFENSE OF THIS MATTER. THE PLAINTIFF CANNOT ADEQUATELY PREPARE OR CONDUCT THE DEFENSE WITHOUT THIS INFORMATION'S AND WILL BE DEPRIVED OF HIS DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE CONSTITUTIONAL OF THE UNITED STATES. A FAIR HEARING OR TRIAL UNDER THE CIRCUMSTANCES REQUIRED BY THE UNITED STATES SUPREME COURT'S, IN <u>Brady v. Maryland</u> (1963) 373 US 83, 10 LED 2D 215, 83 S.CT. 1194.

WHEREFORE, PLAINTIFF RESPECTFULLY REQUEST THAT THE RELIEF SOUGHT IN THE MOTION BE IN ALL RESPECTS GRANTED.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I SERVED A COPY OF THE FOREGOING PLEADING UPON:

WEBB & ELEY, P.C.
7475 HALCYON POINTE DRIVE (36117)
POST OFFICER BOX 240909
MONTGOMERY, ALABAMA 36124

BY PLACING SAME IN THE UNITED STATES MAIL, FIRST CLASS POSTAGE PREPAID AND PROPERLY ADDRESSED THIS THE 21 DAY OF APRIL, 2008

RESPECTFULLY SUBMITTED
DEREK DEDE, PRO-SE.,
200 WALLACE DRIVE
CLIO, ALABAMA 36017

CC:

DEREK DEDE #253851
EASTERLING CORRECTIONAL FACILITY
200 WALLACE DRIVE
CLIO, ALABAMA 36017



OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT

P.O. BOX 711

MONTGOMERY, ALABAMA 36101-0711

"This correspondence is forwarded from
an Alabama State Prison. The contents have
not been evaluated, and the Alabama Department
of Corrections is not responsible for the substance
or content of the enclosed communication."