IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2008 MAY -9  A 9: 26

DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

DEREK DEDE. # 253851
PLAINTIFF.

V.

CIVIL ACTION NO J:07. CV-929-WKW

EX- SHERIFF BEN MOATES et. al.,
_____DEFENDANT'S,_____/

RESPONSE TO DEFENDANT'S SPECIAL REPORT

STATE OF ALABAMA )
COUNTY OF COFFEE )

COMES NOW THE PLAINTIFF DEREK DEDE PRO- SE.,
AND RESPOND TO BEN MOATES, AND ZACK ENNIS, RICHARD
MOSS, CANDINA STOKES, AND AUSTIN REDMAN, AND JEFFERY
SHELTON, PLAINTIFF IN THE A BOVE STYLE CAUSE, AND SUMIT
HIS RESPONSE TO THE COURTS.

INTRODUCTION OF PLAINTIFF

DEFENDANT'S INTRODUCTION IS CORRECT EXCEPT ONE POTION
OF THERR INTRODUCTION.

THE PLAINTIFF DEREK DEDE, WAS DE PENDING ON AN INMATES
TO FILED A RESPONSE DEFENDANT'S SPECIAL REPORT AND THE
AFFIDAVIT'S, BUT THE PLAINTIFF HAD TRANSFERRED IN TO
THE PRISON SYSTEM'S, AND HAD TO FIND SOME ASSISTANCE TO
RESPAND.

HOWEVER, AN ATTEMP WAS MADE TO RESPAND AND WAS
DISMISSED IN ORDER TO REFILED AND A PROPER RESPONSE TO
THE CLAIMS WAS ALLOW:

1

CC:

THE PLAINTIFF'S DEREK DEDE WOULD LIKE TO BRING TO THE COURT'S ATTENTION THE DEFENDANT'S DECLARTION OF ZACK ENNIS IS FALSE AND WAS NOT GIVEN IN GOOD FAITH.

7. HE SAID IN HIS DECLARTION THAT HE WAS NOT PERSONAL KNOW OF INWHETHER MR. DEDE HAD ANY INTERACTION WITH DENNIS COOPER WHILE THEY WERE INCARCERATED IN THE COFFEE COUNTY JAIL. BECAUSE HE WAS NO LONGER WORKING AT THE JAIL WHEN DENNIS COOPER ARRIVED ON NOVEMBER 17,06.

1. HE STATED HE SERVED AS THE JAIL ADMINISTRATOR FOR COFFEE COUNTY JAIL FROM 1983 TO JUNE 12,2006.

ZACK ENNIS EXHIBIT (C) SHOWS THAT ON 9/21/06 HE WAS THERE, AND ON 10/5/06 HE WAS THERE, AND ON 10/6/06 HE WAS THERE.

EXHIBIT (E) IS GIVEN IN BAD FAITH AS GRIEVANCE DATED 8/23/06 AS TO THE FIRST GRIEVANCE FILED.

ON 5,3,06 OFFICER ZACK WAS JAIL ADMINISTRATOR WHEN MR. DEDE, FIRST COMPLAINTED ABOUT HITTING HIS HEAD ON THE TOILET AND BUSTED HIS HEAD AND NO MEDICAL ATTENTION WAS GIVEN TO HIM.

ON 8/23/06 OFFICER ZACK ENNIS WAS ADMINISTRATOR WHEN MR. DEDE COMPLAINTED ABOUT PASSING OUT. NO TREATMENT WAS GIVEN.

IT APPEARS THAT A GRIEVANCE 6/26/06, THE HEALTH DEPARTMENT TESTED MR. DEDE, FOR T.B. OFFICER ZACK ENNIS WAS THERE. EXHIBITS WILL BE ~~XXX~~ ENTER AT A LATER DATE AND TIME.

CC:                                                          2

## FACTS ONE:

THE PLAINTIFF'S DEREK DEDE, WAS INCARCERATED IN THE COFFEE COUNTY JAIL ON NOVEMBER 17, 2005, ON A CHARGE OF ROBBERY IN THE DEGREE,

## FACTS TWO:

PLAINTIFF DEDE, DID CONTACT THE TUBERCULOSIS IN THE COFFEE COUNTY JAIL DURING HIS INCARCERATED:

## FACTS THREE:

PLAINTIFF'S DEDE, FILED HIS FIRST GRIEVANCE FORM ON MAY 3/06 HIS ALLEGEDEN THAT HE GOT UP TO USED THE TOILET AND HE HAD PASSED OUT AND HIT HIS HEAD ON THE TOILET AND BUSTED HIS HEAD, AND THE GRIEVANCE WAS TO ADMINISTRATOR ZACK ENNIS.

BY DEFENDANT'S SPECIAL REPORT(P. 4) ON JUNE 7, 2006 PLAINTIFF WAS TRANSPORTED TO SEE DR. COCHARN. MEDICAL DELAY DELIBERATE INDIFFERENCE:

## FACTS FORTH:

PLAINTIFF'S DEDE WAS "TRAUMATIZED" WHEN DEPUTIES AND JAIL STAFF WAS EXCESSIVE IN SHOOTING THEIR SHOTS GUN IN THE CELL BLOCK 2 IN ATTEMPT TO SCARE THE INMATIES TO TAK CONTROL OF THE JAIL, PLAINTIFF STILL SUFFER TO DAY BY THE FORCE USED UNNECESSARIY, HE IS MENTAL DISTORT TO DAY.

## AND THE FACTS OF

DEFENDANT'S SPECIAL REPORTS AND SUPPORTING AFFIDAVITS FAILED TO GIVE DEFENDANT'S SUPPORT IN THEIR DEFENSE THEY SEEK IN IMMUNITY:

4

CC:

ON MARCH 3/2007. INDELIBLE

PLAINTIFF'S DEDE PRESERVED THE RIGHT TO AMEND ADDITIONAL
OFFENSE IF ALLOW BY THE COURT'S:

JEFFERY W. SHELTON SAID. DEPUTIES NEAL BRADLEY AND
AUSTIN REDAMN AND MICHAEL HINES. ARRIVED AT THE JAIL,
AND SOME BODY TOLD THE THE INMATES IN CELL BLOCK 2 WERE
REFUSING TO LOCK DOWN AND WERE FIGHTING, AND HE OBTAINED HIS
"12 GAUGE SHOT GUN" THAT HE USED ONLY FOR BEAN BAG ROUNDS.
(P. 2. 7-9)

HE SAID DURING THE COURSE OF RETAKING THE JAIL. HE WAS
REQUIRED TO "FILE TWO BEAN BAG ROUNDS". (P. 3, 12)

OFFICER AUSTIN REDMAN SAID. HE ARRIVED AT THE JAIL AT THE
SAME TIME AND WAS SERGEANT JEFFERY SHELTON AND DEPUTIES
NEAL BRADLLY AND MICHAEL HINES. WE WERE TOLD THAT THE
INMATES IN CELL BLOCK 2 WERE REFUSING TO LOCK DOWN AND
WERE FIGHTING (P. 2, 7)

HE LIKE WISE "OBTAINED HIS 12 GAUGE SHOT GUN" THAT HE
ONLY USED FOR BEAN BAG ROUNDS AND LOADED IT WITH FOUR ROUNDS
THAT HE HAD IN PREPARATION TO GO IN TO CELL BLOCK 2. (P. 2. 7-9)
(REPEAT STATEMENT)

IT NOW APPEARS AS THESE OFFICER'S WERE ANGRY BECAUSE
SOME WERE AT SUPPER BREAK AND SOME WERE WITH THEIR FAMILY
AND CHILDREN, THEY HAD TO PUT ASIDE THEIR ACTIVITY AND
RETURNED TO THE JAIL,

MR. REDMAN SAID HE "OBSERVED SERGEANT SHELTON FIRED HIS
"SHOT GUN") (P. 4. 26)

5

CC:

OFFICER AUSTIN REDMAN SAID, HE AND SERGEANT JERREMY SHELTON AND DEPUTIES NEAL BRADLEY AND MICHAEL HINES. WENT IN CELL 2 (P. 3. 17) THESE OFFICER'S HAD WEAPON WHEN THEY ENTERED THE CELL, SIMULTANEOUSLY ONE IS PUT IN FEAR OF HIS LIFE WHEN LOCK DOWN IN A CELL, HOW MUCH FEAR NO ONE KNOWS.

DEFENDANT'S SPECIAL REPORT P. 6. STATED IN RETAKING THE CELL BLOCK, THE DEPUTIES WERE REQUIRED TO USED FORCE AGAINST SOME OF THE INMATES. DEPUTY SHELTON "FIRED TWO BEAN BAG ROUNDS FROM HIS SHOT GUN."

THE PLAINTIFF'S GOING TO "SHOW BY THE 9R 'AFFIDAVIT THAT THE 'BLOCK 2 WAS LOCK DOWN WHEN THE GUN'S WAS FIRED, AND THE TASER WAS USED."

DEPUTY AUSTIN REDMAN, SAID. APP. WHEN WE ENTERED THE CELL BLACK, WE BEGAIN YELLING AT THE INMATES TO LOCK DOWN AND RETURN TO THEIR CELLS. SEVERAL INMATES COMPLIED AND "RAN TO THEIR CELLS AND SLAMMED THE DOOR." (P. 2. 12)

WHEN WE GOT TO THE DOOR OF CELL 17. WHE CALLED OUT TO "CENTRAL". THE CONTROL ROOM THAT RUNS THE ENTIRE JAIL, TO UNLOCK CELL 17 (P. 3. 15)

WHEN THE DOOR TO THE CELL OPENED, THE FOUR OF US ENTERED THE CELL.  (P. 3. 17)

I OBSERVED DEPUTY BRADLEY DEPLOY HIS TASER ON INMATE COUNCIL . (P. 3. 20)

COUNCIL WAS ABLE TO CRAWL UNDER THE BUNK IN THE CELL (P. 3. 22)

SERGEANT FIRED HIS SHOUT GUN" (P. 4. 26) I OBSERVED THE BEAN BAD BOUNCE OFF THE FLOOR AND STRIKE INMATE COUNCIL IN THE HIP (P. 4. 26)

CC:

COUNCIL DID NOT MAKE ANY SOUND WHEN THE BEAN BAGE STRUCK HIM, BUT HE IMMEDIATELY CAME OUT FROM UNDER THE BUNK. (P. 4.27)

RICHARD B. MOSS SAID APP. THE EVIDENCE SHOWED THAT WHEN TWO ~~THE~~ JAILER'S WERE INITIALLY THREATENED BY THE INMATES IN CELL BLOCK 2 THE DISMISSED JAILER USED PROFANITY TOWARD THE JAILERS AND REFUSED TO OPEN THE CELL BLOCK DOOR TO ALLOW THEM TO GET AWAY FROM THE ~~HW~~ INMATES. (P. 4.20)

OFFICER CANDIA STOKES SAID, DECL. WHEN I ARRIVED AT THE JAIL I WENT IMMEDIATELY TO CELL BLOCK 2 WHERE JAILER'S ENGLISH AND CARADINE WERE ATTEMPTING TO GET THE L-3 INMATES TO LOCK DOWN. (P. 2.7)

I DID NOT GO INTO CELL BLOCK 2 AGAIN THAT NIGHT. (P. 3.15)

SERGEANT JEFFERY W. SHELTON SAID, HE ARRIVED AT THE JAIL AT THE JAIL AT THE SAME TIME AS DEPUTIES NEAL BRADLEY, AUSTIN REDMAN AND MICHAEL HINES. WE WERE TOLD THAT THE INMATES IN CELL BLOCK 2 WERE REFUSING TO LOCK DOWN AND WERE FIGHTING. (P. 2.7)

I OBTAINED MY "12 GAUGE SHOTGUN" THAT I ONLY USED FOR BEAN BAG ROUNDS AND LOADED IT WITH THE FOUR BEAN BAGE ROUNDS THAT I HAD IN "PREPARATION TO GO INTO CELL BLOCK 2". (P. 2.9)

I, ALONG WITH DEPUTIES BRADLEY, REDMAN AND MICHAEL "WENT TO CELL BLOCK 2." (P. 2.11)

DURING THE COURSE OF RETAKING THE JAIL, I WAS REQUIRED TO FIRE TWO BEAN BAG ROUNDS (P. 3.12)

"AT THE BEST THAT ASSISTANCE UNDERSTAND, THAT IT'S 17, CELLS IN THAT BLOCK, AND "ALL THE DISTRIBUTING'S OCCURRED IN CELL 2" EVERYTHING OCCURRED IN CELL 2

7

CC:

11 **LAWS**

A.    ALL CLAIMS BY PLAINTIFF MUST HOLD UP AGAINST DEFENDANT'S IN THEIR OFFICIAL CAPACITIES MUST NOT FALL BASED ON ELEVENTH AMENDMENT IMMUNITY BECAUSE THEY ARE "PERSONS" UNDER 42 U.S.C. 3 1983.

PLAINTIFF'S CLAIMS GAINST THE DEFENDANT'S IN THEIR OFFICIAL CAPACITIES ARE HELD TO BE SUBJECT MATTER OF JURISDICTION'S SUCH CLAIM AND NOT BARRED BY THE ELEVENTH AMENDMANT TO THE UNITED STATES CONSTITUTION SPRING CITY CORP V AMERICAN BLDGS CO. 193 F 3D 165 (3 RD CIR 1999) IN CONTRAST, A THIRD— DEFENDANT JOINED UNDER FEDERAL RULE OF CIVIL PROCEDURE 14 DOES NOT BECOME DEFENDANT THE ORIGINAL PLAINTIFF. SO THAT FEDERAL JURISDICT—ION IS NOT DESTROYED WHERE THOSE PARTIES ARE CITIZENS OF THE SAME STATE. SEE.
SMITH V PHILADELPHIA TRANSP. CO. 173 F 2D 721, 724, N 2 (3D CIR. 1949) THE DISTRICT COURT THEREFORE HELD THAT WHEN BRADELN AND CONTRACTORS FILED THE WRIT OF SUMMONS DIRECTED TO FOLMER AND BASILE. FALMER AND BASILL BECAME ADDITIONAL DEFENDANT'S AGAINST WHOM SPRING CITY HAD A DIRECT RIGHT OF RECOVERY. SLIP OP. AT 6.
AMERICAN ARGUES ON APPEAL THAT IN THE CONTEXT OF REMOVAL, "FEDERAL LAW DETERMINES WHO IS PLAINTIFF AND WHO IS DEFENDANT." CITING CHICAGO ROCK ISLAND & PACK R.D. CO. V STUDE. 346 U.S. 574, 580.74 S. CT. 290, 98 LED 317 (1954) IT ARGUES THAT WHETHER THE OPERATION OF LOCAL PROCEDURAL RULE INTERFERE'S WITH FEDEAL STATUTE, WHICH IT STATES P.2. RULE 22 55 DOES, THE LOCAL RULE MUST YELL.
SPRING CITY ARGUE'S THAT RULE 22 55 GIVE THE PLAINTIFF A SUBSTANTIVE RIGHTS WHICH, UNDER ERIE RAILROND CO. V TOMB—KINS. 404 U.S. 64, 58 S. CT. 817, 82 LED. 1188 (1938) FEDRAL COURTS MUST APPLY IN A DIVERSITY ACTION.

(C:    8

DEPUTY AUSTIN REDMAN, (AFF) STATED HE OBTAINED HIS 12 GAUGE SHOT GUN THAT HE ONLY USED FOR BEAN BAG ROUNDS AND LOADED IT WITH THE FOUR BEAN BAG ROUNDS THAT HE HAD IN PREPARATION TO GO INTO CELL BLOCK 2. (P. 2. 9)

SERGEANT SHELTON FIRED HIS SHOTGUN, I OBSERVED THE BEAN BEAN BOUNCE OFF THE FLOOR AND STRIKE IN MATE IN THE HIP. (P. 4. 26)

AFTER CELL BLOCK 2 WAS SECURED. HE WENT BACK IN WITH SHERIFF SUTTON. (P. 4. 33)

AND STRESS THE FACTS TO THIS COURT'S WE ARE GOING TO SHOW THAT INMATE COUNCIL WERE REMOVED FROM CELL BLOCK 2 AND NOT CELL BLOCK 17. ALL THE EVIDENCE POINT TO CELL BLOCK 2.

"DEPUTY AUSTIN REDMAN (AFF) SAID AFTER INMATES PYATT AND COUNCIL WERE REMOVED FROM CELL BLOCK 2" (P. 4. 31)

DEPUTY CANDIDA STOKES, SHE IS A LADY OFFICER, IT NOT CLEAR WHAT KIND OF WEAPON THE OTHER TWO OFFICER'S HAD. BUT WITH A TASER DEVICE, SHE WERE ABLE TO PLACE HAND CUFF ON HIM. (AFF) (P. 3. 11.)

THE SHOT GUN CREATED EIGHT AMENDMENT VIOLATION UNDER THE CIRCUMSTANCE'S THAT ~~OCCURRED~~ COURRED NOISE SO LOUD THAT WOULD "SHOCK THE MINDS" OF ANY PERSON WHO IS LOCK DOWN IN A CELL!!

<u>HAMM v DEKALB COUNTY</u> CITE AS 774 F 2015 67 (1985)

2 CONSTITUTIONAL LAW KEY 272(2)
  CRIMINAL LAW KEY 1213. 10(2)
  PRISONS KEY 13(3)

Special Report, in retaking the cell block, the deputies were required to used force against some of the inmates. Deputy "Shelton fired two bean bag rounds from his shot gun" (P. 6. Redman Dec II)

At this point, we knows that there were two shot's gun's involved, deputy Jeffery W. Shelton and his oath (P. 2, 7-9) deputy Moss obtained his "12 gauge shot gun" and loaded it with the four bean bag round that he had to go in cell block 2 (P. 2.9) both shot's gun's had 8 rounds of bean bag rounds, there no dispute that that they used all 8 rounds in cell block 2, and they claim immunity, Priester v City of Riviera Beach Fla. 208 F3d 919 at 926, Burglary suspect who had been bitten by police dog brough't § 1983 action against police officer's for use of excessive force, following jury verdict awarding suspect compensatory and punitive damages, see.

Smith v Mattox 127 F3d 1116 at 1419 (11th cir. 1997)
The grunt and the blow that Smith asserts that he heard and fell while Mattox was on Smith's back, coupled with the severity of Smith injury, Bush this case over the line.

It was not unreasonable for Mattox to think that he was entitled to use some force to put Smith into cuffing posture. But also suming as we must that Smith was offering no resistance at all, the considerable effort and force infer-able from the grunt---- we thus conclude that this case falls within the slender category of cases in which the unlawfuness of the conduct readily ad parent even without clarifying case law. they should have known or knows that they conducts was in violation of pre-existing law.

CC:

11

ANY OFFICAL CAPACITY CLAIMS AGAINST DEFENDANT'S SHOULD BE UP HELD DUE TO PRE-EXISTING LAW OF CASE LAW. AND THERE IS GENIUS LINES OF A GENUINE ISSUE OF MATERIAL FACTS FOR JURY VERDICT EXISTS. BECAUSE DEFENDANT'S USEN UNNENCEASSARY FORCE TO REGAIN CONTROL OF THE JAIL INMATES IN CELL BLACK 2.

THESE DEFENDANT'S ACTIONS WAS CLEAR ESTABLISHED PRE-EXISTING LAW THAT THE FORCE USE WERE IN VIOLATION OF PLAINTIFF'S DENE CONSTITUTIONAL RIGHT NOT TO BE PUT IN FEAR, THAT RIGHT IS PROTECTED UNDER THE EIGHTH -AMENDMENT, AND THAT NOT A STATE VIOLATION, IT A FEDERAL VIOLATION, AND DEFENDANT'S ARE THE PROPER PERSON'S UNDER 42 U.S.C.A. § 1883. AND THEY ARE NOT ENTITLED TO QUALIFIED IMMUNITY.

WILLINGHAM V LOUGHNAN. 321 F 3D 1229 (11TH CIR. 2003)

4. CIVIL RIGHT KEY 214(2)

IN MANY, IF NOT MOST, INSTANCES, THE APPARENCY OF AN UNLAWFUL ACTION, FOR PURPOSES OF QUALIFIE DIMMUNITY, WILL BE ESTABLISHED BY PREEXISTING CASELAW WHICH IS SUFFICIEATLY SIMILAR IN FACTS TO THE FACTS CONFRONTING AN OFFICER, SUCH THAT THE COURT OF APPEAL CAN SAY THAT EVER OBJECTIVELY REASANABLE OFFICER WOULD HAVE BEEN ON FAIR NOTICE THAT THE BEHAVIOR VIOLATED A CONSTITUTIONAL RIGHT. [3,4] " FOR A CONSTITUTIONAL RIGHT TO BE CLEARLY ESTABLISHED. IT'S CONTOURS 'MUST BE SUFFICIENCTLY CLEAR THAT A REASONABLE OFFICER WOULD UNDERSTAND THAT WHAT HE IS DOING VIOLATES THAT RIGHT.''' ID. QUOTING ANDERSON V CREIGHTON 483 U.S. 635, 107 S. CT. 3039, 97 LED 2D 107

CC:                                                                        12

THE PLAINTIFF'S STRESS THAT THE VIDEO CAMERAS WILL REVIAL THE OFFICER'S STANDWG UP THE STEPS SHOOTING DOWN IN THE CELL'S WHILE THE CELLS WERE LOCK DOWN.

SHERIFF'S AND "DEPUTIES ARE NOT ENTITLED TO SOVERIGE IMMUNITY IN BOTH THEIR INDIVIDUAL AND OFFICIAL CAPCITIES" SEE.

MARSH V BUTLER COUNTY ALA. CITE AS 268 F3 D 1014. (11TH CIR. 2001) AT 1022 [3, 4] THE SUPREME COURT HAS URGED US TO APPLY THE AFFIRMATIVE DEFENSE OF QUALIFIED IMMUNITY AT THE EARLIEST POSSIBLE STAGE IN LITIGATION BECAUSE THE DEFENSE IS IMMUNITY FROM SUIT AND NOT FROM DAMAGES ONLY. SEE, HUNTER V BREAUT 502 U.S. 224, 112 S.CT. 534, 536, 116 LED2D 598 (1991)

IT APPEARS THAT THE OFFICER'S KNOW OR SHOULD HAVE KNOWN THAT THEIR ACTIONS INFRINGED A CLEARLY ESTABLISHED CONSTITUTIONAL RIGHT OF THE PLAINTIFF'S. IT FURTHER APPEARS THAT THE OFFICER'S SHELTON AND DEPUTY REDMAN, FIRING "THEIR 12 GAUGES SHOT GUN'S" WAS INTENDED ACTION'S TO HARM THE INMATES IN CELL BLOCK 2, WHEN STANDING ON THE UPPER LEVEL FIRING DOWN IN THE LOCK DOWN CELL'S. SEE. C.A.11.(ALA) 1987 PRISON OFFICIALS STEP OVER LINE OF CONSTIT—UTION ALL PERMISSIBLE CONDUCT IF THEY USE MORE FORCE THEN IS REASONABLE NECESSARY IN EXISTING SITUATION OR IF THEY SUMMARILY AND MALICIOUSLY INFLECT HARM IN RETALIATION FOR PASS CONDUCT. U.S. CA. CONST. AMEND 8. ORT V WHITE 818 F2D 318 REHEARING DENIED. 818 F2D 871.

13

PLAINTIFF'S DEDE HAVE ESTABLISHED THAT THE CONDUCT'S OF DEFENDANT'S WAS CLEARLY ESTABLISHED RIGHT TO BE SAFE FROM HARM WHILE LOCK DOWN IN JAIL CELLS. CITE AS 208 F3D 840 (11TH CIR. 2000)

[4] AS TO FIRST CATEGORY, PLAINTIFFS HAVE ALLEGED THAT DEFENDANT'S VIOLATED KYLE'S SUBSTANTIVE RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE FOURTHEENTH AMENDMENT SET FORTH IN YOUNGBERY V RONEO. 457 US. 307, 102 S.CT. 2452, 73 LED 2D 28 (1982) SPECIFICALLY, HIS RIGHT TO REA- ~SONABLY SAFE CONDITIONS OF CONFINEMENT, FREEDOM FROM UNREASONABLE BODILY RESTRAINS. AND SUCH MINIMALLY ADE4UATE TRAINING AS MIGHT BE RE4UIRED TO INSURE SAFETY AND FREEDOM FROM RESTRAINT,

RESTIGOU CHEINC V TOWN OF JUPITER CITE AS 59 F3D 208 (11TH CIR. 1995) [7, 8] DEPUTIES WILSON AND HOLLOWELL RE4UEST THAT REVIEW THE DISTRICT COURT'S DENIAL OF ROCKDALE COUNTY'S MOTION FOR SUMMARY JUDGMENT, BUT WE ARE FORECLOSED FROM DOING SO BY SMITH V CHAMBER'S COUNTY COMMIN — US—115. S.CT. 1203, 131 LED 2D 69 1995), SEE TOMSIC V STATE FARM UT. AUTO. INS. CO. 85 F3D 1472 AT 1476 [4] PRE-ESTABLISHED CATEGORY. SEE ALSO, LEE V FERRARO. CITE AS 284 F3D 1188 AT 1194 (11TH CIR. 2002)

[6] THE SUPREME COURT RECENTLY SET FORTH A TWO- -PART TECT FOR EVALUATING A CLAIM OF 4UALIFIED IMMUNITY. AS ALL THRESHOLD 9UESTION!" A COURT MAY ASK, [T]AKEN IN LIGHT MOST FAVORABLE TO THE PARTY ASSERTING THE INJURY DO THE FACTS ALLEGED TO SHOW THE OFFICER'S CONDUCT VIOLATED A CONSTITUTIONAL RIGHT!" SAUCIER V KATZ 533 U.S. 194, 121. S.CT. 2151, 2156, 150 LED2D 272 (2001)

(14

CC:

THIS INITIAL INQUIRY IS WHETHER [T]AKEN IN LIGHT MOST FAVORABLE TO THE PARTY ASSERTING THE INJURY, DO THE FACTS ALLEGED SHOW THE OFFICER'S CONDUCT VIOLATED A CONSTITUTIONAL RIGHT?" ID. CITING SIEGERT V. GILLEY 500 U.S. 226, 232 (1891)). AS SET FORTH PREV—IOUSLY.

## B. THE DEFENDANT'S DID VIOLATED THE PLAINTIFF FEDERALLY PROTECTED RIGHTS

### 2. HEADACHES AND DIZZINESS.

PLAINTIFF'S CONTENDS TO THIS COURT BY DEFENDANT'S OWN SPECIAL REPORT, CLEARLY SHOWS THAT FROM MAY 3, 2006, TO JUNE 7, 2006 34 DAYS LATER BEFORE AN TEMPT WAS MADE TO RENDER ANY TYPE OF ASSISTANCE TO WHAT WAS EMERGENCY MEDICAL TREATMENT, TURN IN A DELIBERATE INDIFFERENCE IS SHOWN BY THEIR RECORDS BEFORE THIS COURT IS DECISION.

THE "COURT MUST SEE PLAINTIFF'S FOREHEAD" BECAUSE WHERE HE FALLEN AND "HIT HIS HEAD ON THE STEEL COMOLE AND BUST HIS FOREHEAD" THE IMPRINT STILL VISUAL, YOU STILL SEE THE IMPRINT LEFT IN HIS FOREHEAD. HIS SKULL WAS PUSH BACK SOMEWHAT TO HOLD PRESURE TO CAUSE THE HEADACHES AND DIZZINESS. FIVE (5) MONTHS LATER OCTOBER 6/06 DOCTOR ROBERTS ELBা GENERAL HOSPITAL FOR A CT SCAN OF HIS HEAD, AND RESULT WAS NOT RENDER TO PLAINTIFF'S DEDE.

THE QUESTION REMAIN TO ANSWER, DID DR. ROBERTS POSSESS THE QUANTITY TO RENDER THE PROPER RESULT AFTER THE CT SCAN.

CC:

15

## QUESTIONS PRESENTED FOR REVIEW

### WILL THIS COURT CERTIFY THE QUESTIONS?

WAS PLAINTIFF DENIED THE ASSISTANCE OF MEDICAL WHO POSSESS THE QUANTITY TO RENDER THE PROPER RESULT?

WHETHER PLAINTIFF'S GRIEVANCE INFORMED WAS THE PREREQUISITE TO PUT ADMINISTRATOR ZACK ENNIS ON NOTICE OF INJURY? YES.

IF ADMINISTRATOR ZACK ENNIS HAD PROPER NOTICE, WOULD THAT NOTICE RENDER ALL DEFENSE UNDER JAIL ADMINISTRATOR?

### MARCH 3/2007

IF IN CAMERA INSPECTION SHOWS THE OFFICALS STAND-ING ON THE UP LEVEL SHOOTING IN THE LOCIS CELLS IS ENOUGH TO SHOW THE THEIR CONDUCT CROSSED A CLEARLY ESTABLISHED CONSTITUTIONAL LAW?

CC

16

1. TUBERCULOSIS

ON NOVEMBER 28/ 2006, MR. COOPER ENTERED THE COFFEE COUNTY JAIL, HE WAS GIVEN A QUESTIONAIRE TO COMPLETE LIST OF QUESTION'S, ONE SCREENING QUESTION WAS FOR SCREENING FOR TB, MR. COOPER LISTED YES FOR TB.

AS TO MR. COOPER IN DESPUTE I HE NEED TO BE QUESTION ABOUT DID HE ENTERED COFFEE COUNTY JAIL PRIOR TO JULY 2006 WHEN "HE WAS ALLOWED IN POPULATION WITH FULL BLOON TB." SOME INMATES WAS EXPOSED TO TB, WHEN THEY FOUND OUT HE HAD TB, THEY PUT HIM IN LOCK DOWN, THEN THEY LET HIM SIGNED HIS OWN BOND.

THE QUESTION REMAIN WAS, HE BEING
TREATED FOR TB, ON NOVEMBER 28/2006?

PLAINTIFF'S TESTED POSITIVE FOR EXPOSURE TO TB ON JULY 26/ 2006  PLAINTIFF TESTED POSITIVE FOR EXPOSURE TO TB, EXHIBIT D, DECLARATION OF STANLEY ROBERTS, ROBERTS DECM 3, 9, 12

PLAINTIFF'S FILED A GRIEVANCE FORM DATED 8/ 23 /2006 PLAINTIFF'S WAS GIVEN PREVENTATIVE MEDICATIONS FOLLOWING HIS POSITIVE EXPOSURE TEST. SEPTEMBER 14TH /2006
JUNE 2006 TO OCTOBER" 4 /2006 FIVE (5) MONTHS LATER BEFORE CT SCAN OF THE HEAD.

17

CC.

(1) HEADACHES

PLAINTIFF PRESERVE THE RIGHT TO AMEND
DR. COCHRAN, IF DR COCHRAN HAD THE GRIEVANCE
BEFORE HIM, "THERE IS A PROBLEM" WITH DEFENDANT
SPECIAL REPORT. IF DR. COCHRAN EVALUATION THE FORM
AND OVER LOOKED THE BASIC BUSTED HEAD, THAT ACTS
WAS AND IS EVIDENCE OF DELIBERATE TO SERIOUS
MEDEAL NEEDS. SUCH INDIFFERENCE THAT CAN OFFER
"EVOLVING STANDARDS OF DECENCY" IN VIOLATION OF
THE EIGHTH AMENDMENT.

CITY OF REVER V MASSACHUSETTS GENERAL HOSP 463
U.S. 239, 246 (1983) HOLDING, "THE INJURY DETAINER'S
CONSTITUTIONAL RIGHT IS TO RECEIVE THE NEEDED
MEDICAL TREATMENT; SEE.

A.B. CHANCE CO. V RTE CORP, 854 F2D 1307 AT
1312 (1988) IN VIEW OF THE ABOVE, WE ARE PERSUADED
THAT INFERENCE COULD BE DRAWN CONTRARY TO THOSE
OF TRIAL COURT. UNITED STATES V DIEBOLD 369 U.S.
AT 655, 82 S. CT. AT 994 CHANCE CAME FORWARD
WITH SUFFICIENT EVIDENCE TO DEMONSTRATE THE
EXISTENCE OF A GENUINE ISSUE MATERIAL FACT FOR
TRIAL. SEE EXHIBIT (A) MAY 3/2006 IT CLEARLY
SHOW THE BASIC OF THE GRIEVANCE.

(2) TUBERCULOSIS

THERE IS CLEAR EVIDENCE THAT MR. COOPER SPREADED
THE TB IN THE COFFEE COUNTY JAIL IN JUNE 2006 OR
NOVEMBER 17/2006.

18

CC!

THE PLAINTIFF'S HAD THE RIGHTS NOT TO BE EXPOUSE TO TB. EVERY BODY IN THE JAIL WAS NOT EXPOUSEN TO TB. PLAINTIFF'S DEDE NOW ADDITIONALLY CONTEND HIS EQUAL PROTECTION RIGHT NOT TO BE EXPOUSEN TO TB.

WICKER V CONSOLOATED RAIL CORP. 142 F3D 699 (3RD CIR. (1998) THE COURT OF APPEALS, SCIRICZ, CIRCUIT JUDGE, HELD THAT RELEASES OF CLAIMS ENTERED INTO EMPLOYEES UPON SETTING THE9RE CLAIMS FOR BAD INJURIES OF ASBESTOS EXPOSURE DID NOT BAR THE9R SUBSEQUENT CLAIMS FOR EXPOSURE TO TOXIC CHEMICALS. REMERSED AND REMANDED. SEE ~~██████████████~~ SEE

ON OR ABOUT 6/26/06 DEFENDANT COMPLAINTED ABOUT EXPOUSED TO TB. AND AT THAT TIME NO ASSISTANCE WAS RENDERI SEE EXHIBIT (B) TWO MONTHS LATER DEFENDANT COMPLAINTED AGAIN, ON 8-23-06, HE WAS TRYING TO GET THE JAILER, ZACK ENNIS TO GET A POINTMENT TO THE HEALTH CARE FOR HIM AND ANTONIO JONES WAS AFFECTED SEE EXHIBIT (B)

BOOTH V HNASS CITE AS 302 F3D 848 (6TH CIR. 2002) [3-6] AT THE TIME OF BACH MEIER'S ACTIONS, THE LAW WAS CLEARLY ESTABLISHED THAT A PRISON OFFICIAL'S DELIBERATE IN DIFFERENCE TO AN INMATE SERIOUS MEDICAL NVEEDS VIOLATES THE EIGHTH AMENDMENT, ESTELLY GAMBLE 429 U.S. 97.104.05 97 S.CT. 285, 50 LED2N 251 (1976); SEE. TONY V KNUDSON 205, F3D 1094, 1096 (8TH CIR 2000).

CC: 19

ANCATA V PRISON HEALTH CARE SERVICES INC CITE AS
769 F 2D 700, 704 (1965) AT 704 DELIBERATE INDIFFER-
-ATE TO SERIOUS MEDICALS HAVE PREVENTED AN INMATE FROM
RECEIVING RECOMMENDED TREATMENT. OR WHEN AN INMATE
IS DENIED ACCESS TO MEDICAL PERSONAL CAPABLE OF
EVALUATING THE NEED FOR TREATMENT. SEE EXHIBIT (A) MAY
3/ 2006,

PLAINTIFFIS IS SHOWING THAT THE LAW WAS CLEARLY
ESTABLISHED WHEN DEFENDANT'S TOOK THEIR ACTION
NOT TO PROVIDED ADEQUATE MEDICAL NEEDS. SEE
DO WLL V LENNON 914 F 2D 1459 (11TH CIR. 1990).
[7] THE SUPREME COURT RECOGNIZED THAT VICTIMS
OF CONSTITUTIONAL VIOLATIONS COMMITTED BY FEDERAL
OFFICIALS HAVE CAUSE OF ACTION AGAINST THOSE OFFICIALS.
BIVENS. 403 U.S. AT 397, 91 S. CT. AT 2005 IN ORDER TO
SUBTAIN A BIVENS ACTION, THE PLAINTIFF FIRST MUST
DEMONSTRATE THAT HIS CONSTITUTIONAL RIGHT HAVE BEEN
VILATED. GARCia V UNITED STATES. 666 F 2D 960, 962 (5TH CIR
UNIT B 1982).

        E.        NOT ENTITLED TO SUMMARY JUDGMENT

ON A MOTION FOR SUMMARY JUDGMENT, THE COURT SHOULD
REVIEW THE EVIDENCE IN THE LIGHT MOST FAVORABLE TO THE
NONMOVANT. GREASON V KEMP 891 F 2D 829. (11TH CIR.
(1990)  SEE,
HOLLOMAN EX REL HOLLOMAN V HERLAND CITE AS 370
F 3D 1252 (11TH CIR 2004) (8) STUDENT HAD SUCCESSFULLY ARTICUL-
-ATED ESTABLISHMENT CLAUSE CLAIM AGAINST SCHOOL BOARD
UNDER EITHER OFFICIAL POLICY, OR "OFFICIAL CUSTOM" THEORY.
REVERSED AND REMANDED,

CC                                                                    20

ANMINISTRATOR ZACK ENNIS PERSONALLY INVOVED IN NOT OBTAINING A POINTMENT'S FOR MEDICAL TRANSPORTED TO AN A MEDICAL CARE, SEE EXHIBIT'S (A) AND (B) AND THE LAW WAS CLEARLY ESTAB-LISHED WHEN DEFENDANT'S VILOTED HIS CONSTITUTIONAL RIGHT,

HALE V TALLA POOSA COUNTY CITE AS 5 OF 3D 1579 (11TH CIR 1995) [3,4] MORE QVER, TO PREVAIL SMITH AND FLURRY IN THEIR INDIVIDUAL CAPACITIES, HALE WAS REQUIRED TO SHOW THAT THEY WERE PERSONALLY INVOLVED IN ACTS OR OMISSIONS THAT RESULTED IN THE CONSTITUTIONAL DEPRI-VATION. ZATLER V WAINWRIGHT 802 F3D 397, 401 (11TH CIR. 1986)

2. THE DEFENDANT'S IS NOT ENTITLED TO QUALIFIED IMMUNITY, BECAUSE EVERYTHING'S PLAINTIFF ALLEGED DEFENDANT'S VIOLATED

DEFENDANT'S VIOLATED THE PLAINTIFF CONSTITUTIONAL RIGHT WHEN HE REQUESTED MEDICAL ASSITANCE, AND DEFENDANT'S FAILED TO PROVIDE ON MATTER REQUIRES BY THE EIGHTH AMENDMENT. SEE EXHIBIT (A) (B) AND (C) DELAY IN TREATMENTS. HOLLOMAN EX REL, HOLLOMAN V HARLAND CITE AS 370 F3D 1252 (11TH CIR. 2004)

(8) STUDENT HAD SUCCESSFULLY ARTICULATED ESTABLISHMENT CLAUSE CLAIM AGAINST SCHOOL BOARD UNDER "OFFICIAL POLICY" OR "OFFICIAL CUSTOM" THEORY. REVERSED AND REMANDED.

21

CC:

SHERIFF'S AND DEPUTIES ARE NOT
INTITLED TO INDIVIDUAL CAPACITIES
UNDER FEDERAL QUALIFIED IMMUNITY CLAIMS

GJR INVESTMENTS, INC. V COUNTY OF ESCAMBIA FLA.
1359. THE UNITED STATES DISTRICT COUNTY FOR THE NORTHERN
DISTRICT OF FLORIDA, NOS-95-30380/ LAC-95-30380-
CIV-LAC LACEY, COLLIER, J., DENIED DEFENDANT'S MOTION TO
DISMISS ON GROUND OF QUALIFIED IMMUNITY.

   1   FACTS   <u>PRESERVE THE RIGHT TO AMEND</u>
PLAINTIFF WAS INCARCERATED IN THE COFFEE COUNTY JAIL,
ALONG WITH DENNIS COOPER ON 6/26/2006, DENNIS COOPER
HAD EXPOSED PLAINTIFF TO T.B. <u>DEFENDANT'S (AFF) AND
THEIR (DEC. IS IN BAD FAITH OATH")</u> SEE EXHIBIT "(B)"

MARSH V BUTLER COUNTY, ALA. 1014 CITE AS 268 F3D
1014 (11TH CIR. 2001)
(4) BECAUSE PREEXISTING CASE LAW ESTABLISHED THAT. AT
THE TIME PERTINENT TIME, THE CONDITIONS OF CONFINEMENT
ALLEGED BY PLAINTIFF DID POSE A SUBSTANTIAL RISK OF
SERIOUS HARM TO INMATES, AND THAT SHERIFF'S LACK
OF RESPONSE WAS UNREASONABLE, THE OFFENSE OF QUALIFIED
IMMUNITY WAS NOT AVAILABLE TO SHERIFF'S WITH RESPECT TO
THE JAIL CONDICTION ALLEGATIONS:

      PLAINTIFF'S HAD A RIGHT AS OTHER
      INMATES IN THE COFFEE COUNTY JAIL
      WHO WAS NOT EXPOSED TO T.B.

CC:                                            22

THE LAW WAS CLEALY ESTABLIHED
AT THE PERTINENT TIME OF EVENT

THE COFFEE COUNTY JAIL, BEN MOATES, SHERIFF'S.
AND JAIL ADMINISTRATOR. ZACK ENNIS, FAILURT TO
TAKE PRECAUTION OF DENNIS COOPER'S AND HIS
DAMAGES TO OTHER INMATES OF CONTACTING T.B.

WICKER V CONSOLIDATED RAIL CORP. 142 F 3D 690,(3RD
CIR, 1998) THE COURT OF APPEALS, SCIRICA, CIRCUIT JUDGE,
HELD THAT RELEASES OF CLAIMS ENTITLED INTO BY IMPLOYEES
UPON SETTING THEIR CLAIMS FOR BACK INJURIES OF ASBESTOS
EXPOSURE DID NOT BAR THEIR SUBSEQUENT CLAIMS FOR
EXPOUSE TO TOXIC CHEICALS. REVERSED AND REMANDED SEE.
POWELL V LENNON CITE AS 914 F 2D 1459 (11TH CIR. 1990)
FEDERAL CORRECTIONAL INSTITUTE INMATE WHO WAS
EXPOSED TO ASBESTOS IN PRISON DORMITOR AND WHOSE
REQUESTS FOR TRANSFER TO DORMITORY WITHOUT ASBESTOS
WERE REFUSED BROUGHT ACTION AGAINST CORRECTIONAL
OFFICALS, ALLEGING INTENTIONAL AND NEGLIGENT FAILURE
TO WARN OF DAMAGE AND PROVIDE ADEQUATE SAFETY PROCEDURS.
FAILURE TO COMPLY WITH CLEAN APR ACT, AND VIOLATION OF
INMATE CONSTITUTIONAL RIGHTS UNDER COLOR OF LAW. SEE ALSO.
RESERVE LTD V TOWN OF CONG BOAT KEY CITE AS 17 F 3D
1374 (11TH CIR. 2004)
5, CONSTITUTIONAL LAW KEY 211(1)
ESTABLISHMENT OF CONSTITUTIONALLY PROTECTIBLE PROPERTY
INTEREST IS IRRELEVANT TO EQUAL PROTECTION CLAIM WHICH
INSTEAD REVOLVES AROUND WHETHER SIMILARLY SITUATED
REASON ARE TREATED DIFFERENTLY, US.CA.CONST. AMEND 5, 14.

23

CC:

~~ARGUMENT~~                CONCLUSION

PLAINTIFF CONTENDS TO THIS COURT THAT DEFENDANT'S,
"SHOTGUN" PLEADING'S "CONTAINING RAMBLING FACTS AND
MULTIPLE CLAIMS OF IMMUNITIES FOR RELIEF ALL UNDER ONE
COUNT, AND THE NEED NOT BE CREDITED"

RESPECTFULLY SUBMITTED
DEREK DEDE. A 253851. PRO-SE..
200 WALLACE DRIVE
CLIO, ALABAMA 33017

24

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF FOREGOING PLEADING UPON:

WEBB & ELEY, P. C.
7475 HALCYON POINTE DRIVE (36117)
POSTOFFICE BOX 240909
MONTGOMERY, ALABAMA 36124

BY PLACING SAME IN THE UNITED STATES MAIL, FIRST CLASS POSTAGE PREPAID AND PROPERTLY ADDRESSED MAY 5/2008

RESPECTFULLY SUBMITTED
DEREK DEDE.#253851 PRO-SE
249 WALLACE DRIVE
CLIO, ALABAMA 36017

25

CC:

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2008 MAY -9  A 9: 26

DEREK DEDE. #253857,                    CIVIL ACTION no. 1:07-CV-929-WKW
PLAINTIFF.

DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT AL

V.

EX SHERIFF BEN MOATES et al.,
      DEFENDANTS.

## AFFIDAVIT IN SUPPORT OF 3 1283

BEFORE ME. THE UNDERSIGNED AUTHORITY. A NOTARY PUBLIC IN SAID COUNTY AND STATE OF ALABAMA AT LARGE. PERSONALLY APPEARED  DEREK DEDE  AND I AM PRESENTLY AN INMATE IN DEPARTMENT OF CORRECTIONAL FACILITY. 200 WALLACE DRIVE CL 10, ALABAMA 36017  I AM OVER TWENTY — ONE YEARS OF AGE.

I AM CURRENTLY IN AN INMATE AT EASTRELING CORRECTIONAL FAC. AND I MAKE THE FOLLOWING AT TO THE BEST OF MY KNOWLEDGES THERE OF: ADMINISTRATOR JAILER ZACK ENNIS, SAID IN HIS (DECA) THE END OF HIS ADMINISTRATOR WAS JUNE 2006 BY DOCUMENT I AM SHOWING HE WAS AT THE JAIL ON 8/11/06 SEE EXHIBIT (D).

**SCANNED**

AFFIDAVIT / DEREK DEDE /                                            1.

I DERECTED MY COMPLAINT TO OFFICER ZACK ENNIS ON 5/3/06 I ADVISED HIM THAT I HAD PASSED AND HIT MY HEAD ON THE TOILET AND BUST MY HEAD. OFFICER ZACK REVIEW ALL COMPLAINT'S BE FORE TRANSFER CAN BE MADE.

ON 5-5-06 I PASSED OUT AGAIN, MY ROOM MATE HIT THE EMERGENCY BUZZER TO TELL THE OFFICER THAT THEY NEEDED TO COME AND SEE ME WHAT HAD HAPPENED, THEY TOOK 30 MINUTES BEFORE ANY BODY COME TO THE CELL. SEEM LIKE NO ONE CARE ABOUT YOUR HEALTH, I WAS ON LIST FOR DOCTOR FOR FIVE MONTHS, THEY WERE TELLING ME THE DOCTOR HAD CANCER. SEE EXHIBIT (A)

ON OR ABOUT 6/26/2006 THE HEALTH CAME OUT AND TOOK T.B. TEST, BECAUSE DENNIS COOPER WAS LET IN POPULATION WITH FULL BLOWN TUBERDLOSIS, THE LADY TOLD ME I HAD BEEN EXPOSED TO T.B. AND I WOULD HAVE TO TAKE A CHEST X RAY, ON 6/26/2006 I STILL HAD NOT SEEN A DOCTOR FOR HEAD, SEE EXHIBIT (B)

ON 8/11/06 TRANSPORTED FOR X-RAY HEALTH CARE, SEE EX HIBIT (D) HAD NOT BEEN ON MEDICAL AT ALL FOR T.B.

ON 8-23-06 HAD NOT BEEN GIVEN MEDICAL FOR T.B. BUT DEFFENDANT'S SPECIAL REPORT STATED MEDICINE WAS GIVEN ON 8/14/06. ALL (AFF) AND (DECL) IS MADE FALSE DEALING WITH T.B. SEE EXIBIT (D)

AFFIDAVIT / DEREK DEDE /

2

x *Derek Dede*

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 30th DAY

OF ~~MAY~~ [April] 2008.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRE ADDED EFF

DONALD SIMMONS
Notary Public, AL State at Large
My Comm. Expires Aug. 3, 2008

AFFIDAVIT / DEREK DEDE /

3

**Coffee County Jail**
**Ben Moates, Sheriff**
**Zack Ennis, Administrator**

*COPY*

## Grievance Form

Your Name: Derek Dede

Date of Incident Leading to Complaint: 5-3-06

**STATEMENT:** I got up to use the toilet and
I passed out and hit my head on the toilet.
I bust my head. I told 4 different officers
I need medical attention. All they told me
They were going to tell Zack. I passed
out again today 5-5-06. My cellmate
hit the buzzer to tell an officer they took
30 minutes to come to the back. I could have
died an it seem like no one cared for an
inmate health. I been on the doctor
list's for almost 3 months. They telling
me the Docto has cancer.
Please respond I really need medical
attention.

List of Witnesses, if any: Shunta Sims
Antonio Jones
Nathaniel Santiago

Place Grievance in an envelope, your name on outside of envelope, and give to CO who will see
it gets to the Jail Administrator.

EX.HIBIT (A)

**Coffee County Jail**
Ben Moates, Sheriff
Zack Ennis, Administrator

*Copy*

**Grievance Form**

Your Name: Derick Dede

Date of Incident Leading to Complaint: 7/6/26/06

**STATEMENT:** The Health Department came out and take T.B Test. Because you'll let Dennis Cooper in population with Full blown Tubercolosic. The lady said I have been exposed to T.B. and I would have to take a chest X Ray. I wrote Mrs Ruth Monday and sent a letter to see what they was going to do about this situation. T.B. is nothing to play it is overy serious disease. I still havent been to the doctor for my head and that's been since May. you'll are denied me medical attention. We need to set up some kind of arroingrment to take care of this matter.
         Thank you kindly. Derek Dede

List of Witnesses, if any:           Cell Block 2

_____

_____

Place Grievance in an envelope, your name on outside of envelope, and give to CO who will see it gets to the Jail Administrator.

EXHIBIT (B)

please make copie

**Coffee County Jail**
**Ben Moates, Sheriff**
**Zack Ennis, Administrator**

We went to the clinic Aug 4 2006

**Grievance Form**

Your Name: Derek Dede

Date of Incident Leading to Complaint: 8-23-06

The Dates are
5-3-06    7-16-06

STATEMENT: My name is Derek Dede I sent out three grievant forms one for when I passed out and hit it head. The other when we was exposed to T.B. and the Last one wo: 8-17-06 about the stale snacks. I got a response on that one. It's seem to me that the snacks is more important than our Health. Me and my roommate Antonio Jones are affected by the Disease. He been coughing constantly, I myself been suffering with sore throat and loss of appetite. We was supposed to be taking medicine. The Lady Told me That she would deliver the medicine herself. But we not taking anything at this time, We need Help We are slowly dying What you are

List of Witnesses, if any: doing is negelence to us.

Antonio Jones

Place Grievance in an envelope, your name on outside of envelope, and give to CO who will see it gets to the Jail Administrator.

EXHIBIT (C)



*Copy*

**COFFEE COUNTY JAIL**
**BEN MOATES, SHERIFF**
**ZACK ENNIS, ADMINISTRATOR**
phone: 334-894-5535
fax: 334-804-6231

**MEDICAL TRANSPORT SHEET**

Date: 8/11/06

Name of Inmate: *Derrick Dede*

Reason for Medical Care: *X-Ray*

Transported From: *CCJ*

Transported To: *Health Dept*

Time of Transport: *8:15*

Transporting Officer: *D. Hudson / M. Bryan*

**Inmate Classification (Check One)**

Federal _____
State _____
County __x__
(City) Enterprise _____ Elba _____ New Brockton _____ Kinston _____

*This form to be completed for each inmate receiving any medical treatment

EXHIBIT (I)