IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEREK DEDE, #253851, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:07-CV-929-WKW |
| | ) |
| SHERIFF BEN MOATES, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER ON MOTION**

On May 9, 2008, the plaintiff filed a motion for jury trial in which he requests that this case be designated as jury action. "The Seventh Amendment right to a civil jury is not absolute and may be waived if the request for a jury was not timely. Nevertheless, because the right to a jury trial is fundamental, 'courts must indulge every reasonable presumption against waiver.'" *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995) (citations omitted). The procedure for assessing the timeliness of a party's jury demand is contained in Rule 38, *Federal Rules of Civil Procedure*, which states that "[a] party waives a jury trial unless its demand is properly served and filed." Fed.R.Civ.P. 38(d). A jury demand is timely if it is served in writing "*no later than 10 days after the last pleading directed to the issue is served*." Fed.R.Civ.P. 38(b)(1) (emphasis added).

In *Burns*, the Eleventh Circuit defined "pleadings" as those identified in Rule 7(a), *Federal Rules of Civil Procedure*. Rule 7(a) now lists the following as pleadings: "(1) a

complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." In this case, the last "pleading" entered on the docket is the defendants' answer filed on March 17, 2008 (Court Doc. No. 47). Thus, the plaintiff's demand for jury trial is untimely because it was not made until May 9, 2008, several weeks after the 10-day deadline had expired.

Under the circumstances of this case, the plaintiff is entitled to a jury trial only if he meets the five-factor balancing test set forth in *Parrott v. Wilson*, 707 F.2d 1262, 1267 (1983). Upon consideration of the *Parrott* factors and after indulging every reasonable presumption against waiver, the court finds the plaintiff should be allowed to file a jury demand. Accordingly, it is

ORDERED that the motion for jury trial be and is hereby GRANTED to the extent the plaintiff seeks to present a jury demand.

Done this 12th day of May, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE