IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

DEREK DEDE,

    PLAINTIFF.

    V.                   CIVIL ACTION NO. 1:07CV-929-WKW

EX-SHERIFF'S BEN MOATES, et.al.,
    RESPONDENTS,

## MOTION LEAVE TO AMEND

STATE OF ALABAMA.
COUNTY OF COFFEE

COMES NOW THE PLAINTIFF DEREK DEDE, PRO-SE, AND RESPECTFULLY MOVES THIS HONORABLE COURT'S IN THE ABOVE STYLE CAUSE, AND FOR GOOD CAUSE SHOWN I OFFER THE FOLLOWS:

ON MAY 5/2006. MR. DEREK DEDE, FILED A COMPLAINT WITH THE JAIL ADMINISTRATION ZACK ENNIS, DUE TO THE MENTAL CONDITIONS OF MR. DEDE. I AM UNABLE TO GIVE THE EXCAT DATE, BECAUSE ASSITANCE IN ONE DORM AND MR. DEDE IN ANOTHER DORM, WE HAVE ALL THE PAPER'S WORKS WITH HIM, AND HE IS UNABLE TO COMPREHEND WHAT HE BEING ASK TO DO IN RESPONDING TO THE COURT ORDER. THE ASSISTANCE IS NOT ALLOW TO KEPT HIS LEGAL WORK IN HIS BOX, THE ASSISTANCE HAVE TRIED FOR TWO DAYS TO GET THE RIGHT PAPER OR DOCUMENTS SO I CAN COMPLY WITH THIS COURT'S ORDER:

1

But off the top of my head I will try and come as close as possible.

Doctor Cochram failed to referer or recommend the plaintiff to a phrenology who was train or had the knowledges to determine what type of procedure to take to render assistance to Mr. Dede medical need.

Where it was five months before M.R. I was done by Doctor Roberts, that delay was part of administration Zack Ennis and doctor part of Doctor Cochram, because Doctor Cochram banned plaintiff from his office, and Mr. Zack Ennis failed to seeks other point ment in a manner that requires by the eighth amendment, McGuckin v Smith. cite as 974 F2D 1050, AT 1060. 6th Cir. (1992) [4] once the prisoner's medical needs and nature of the defendant's response to those needs have been established; determination of whether deliberate indifference' had been established can be made.

See Exhibit (A) May 5/2006. Where it was clearly established the head injury.

Doctor Henry Cochram Addressen is 310 Black Sheen Street Dothan Alabama 36310

A previous attemmp was main to amend Doctor Cochram But failure to obtain this new addressed:

CC.

2

THIS COURT SHOULD TAKE THE NECESSARY STEPT TO PROTEST MR. DENE RIGHT TO TRIAL BY JURY OF THE REMAINER TRIABLE ISSUE WHEN AMENDMENT CANNOT BE HAD DUE TO LACK OF ASSISTANCE TO THE COURT'S, WHERE AN INMATE DO NOT HAVE THE ~~PROPER~~ ADEQUATE MEANS TO PROPER ADDRESSED TO AMEND. SEE.

BURNS V LAWTHER CITE AS 53 F3D 1237 AT 1240, (।
(11TH CIR, 1995).

(। JURY TRIAL OF RIGHT UNDER RULE 38 [3]
THE SEVENTH AMENDMENT RIGHT TO A CIVIL JURY IS NOT ABSOLUTE AND MAY BE WAIVED IF THERE REQUEST FOR A JURY TRIAL WAS NOT TIMELY, SEE LAMARCA 995 F2D AT 1544-45;
GENERALTRE & RUBBER CO. V WATKINS, 331 F2D 192, 197, (4TH CIR) CERT. DENIED. 377 US, 952 84 S.CT, 1629, 12 LED 498 (1964) NEVETHELESS. BECAUSE THE RIGHT TO A JURY TRIAL IS FUNDAMENTAL, "COURT MUST INDULGE EVER REASONABLE PRESUMPTION AGAINST WAIVER." LAMARCA 995 F2D AT 1544, (QUOTING AETNA INS CO. V KENNEDY 301 U.S. 389, 393, 57 S.CT. 809, 811-12 81 LED 1177 (1937)

WHERE DOCTOR COCHRAM FAILED TO REFERE TO A PHRENOLOGY WHO WAS ABLE TO MEET THE NEED TO ADEQUATE TREATMENT. SEE. ANCATA V PRISON HEALTH CARE SERVICE INC. CITE AS 769 F2D 700, 704 (1985) AT 704. DELIBERATE INDIFFERENCE TO ~~MEDICAL~~ SERIOUS MEDICAL HAVE PREVENTED AN INMATE FROM RECEIVING RECOMMENDED TREATMENT OR WHEN AN INMATE IS DENIED ACCESS TO MEDEAL PERSONAL CAPABLE OF EVALUATING THE NEED FOR TREATMENT.

CC:

1. COPY OF LAWSUITS. ONE COPY OF FORMAL SUMMONS,
ONE COPY OF AMENDED GROUNDS FOR RELIEF, ONE COPY OF
WAIVER OF SERVICE OF SUMMONS, ONE COPY OF 1983
FORM. AND A STAMP ENVELOP WITH RETURN ADDRESSED:

## CERTIFICATE OF SERVICE

I HEREBY CERFIY THAT I SERVED A COPY OF FOREGOING FILLING UPON.

DR. HENRY COCHRAN, 310 RLACK SHEEN STREET, DOTHAN,
ALABAMA 36310.

ATTORNEY GENERAL OFFICE
11 SOUTHEN UNION STREET
MANTGOMERY, ALABAMA 36130-0152
BY PLACING SAME IN THE UNITED STATES MAIL, FIRST CLASS
POSTAGE PREPAID AND PROPERLY ADDRESSED MAY 16/2004

RESPECTFULLY SUBMITTED
DEREK DEDE.
200 WALLACE DRIVE
CLIO, ALABAMA 36017

CC:

4.

## IN THE UNITED STATES MIDDLE DISTRRICT OF ALABAMA

DEREK DEDE

Plaintiff

Vs.

Sheriff Ben Moates

Defendants

### I.PREVIOUS LAWSUITS

A. Have you begun other lawsuit in State or Federal Court dealing with the some or similar facts involved in this action? No.

B. Have you begun other lawsuit in State or Federal Court relating to your imprisonment? No.

C. If your answer to A or B is yes, describe each lawsuit in the space below. ( If there is more than one lawsuit, describe the additional lawsuit on another piece of paper, using the same outline.

1. Parties to this previous lawsuit:

Plaintiff (s): Derek Dede

Defendant (s): Sheriff Bon Moates

2. Court (If Federal Court, Name the district; if State Court, Name the Court:

Fedral Middle District of Alabama

3. Docket Number 1:07 CV 00344 - MEF

4. Name of Judge to whom case was assigned

Hon: Susan Walker

5. Disposition (for example: was the case dismissed? yes

Was it appeal? It is still pending? _____.

6.  Approximate date of filing lawsuit? _____.

7.  Approximate date of disposition _____.

II. PLACE OF PRESENT CONFINEMENT: _Easterling Corr Facility_

PLACE OR INSTITION WHERE INCINDENT OCCURRED: _Coffee County Jail_.

III. NAME AND ADDRESS OF INDIVIDUAL (S) YOU ALLEDE VIOLATED YOUR

CONSTITUTIONSL RIGHT:

Sheriff, Coffee County Jail, County Complex #4 New Brockton, Ala, 36351

2. Administration, coffee  county Jail, County Complex #4 New Brockton,Ala,36351.

IV. THE DATE UPON WHICH SID VIOKATION ACCURRED: 11-17-05.

V. STATE BRIEFLY THE GROUND ON WHICH YOU BASE YOUR ALLEGATION THAT

YOUR CONSTITUTIONA RIGHT ARE BEING VIOLATED:

GROUND ONE: Denied proper medical attention, treatment, medication, and the proper physical,

and mental doctor for treatment, while under this institution authority.

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND: (State as best you can the

time, place and manner and person involved

On the _day of  11-17-05_____, I was placed incarceration in the Coffee County Jail,

County Complex #4, New Brockton, Ala, 36351; On the date of 11-17-05, while incarcerated in

Coffee County Jail, I became dizzy fell and hit my head upon the steel floor while lacked down in cell block#2, the emergency button on the wall was pushed several time by my cell mate, trying to inform the jailer, that there was an emergency, and that an inmate in cell block#2 need medical attention, which was me. I finally came to myself from the fall, and also pushed the button myself, there was never a respond, to this emergency matter, where I was completely knocked out for period of time. After about the next day I told three different jailer of my incident, I dept trying to get medical treatment, because I was still passing out from the head injury day to day, finally five days after the incident, I was taken to see a doctor. The doctor did no examination upon me, No head examined to determine what has happen to my head or to find out what type of head injury has been caused by the fall. He only prescribed some medication for me, later I had to stop taking that medication because of the side effect's, I was having because of the type of medication I was taking, later I was taken back to the doctor, and I asked to have an M.R.I., because I was still have server head aches and suffering with dizzy spell's quite often, from that date it took 7 month before I could get the M.R.I. done,--and this only got dome behind me kept asking, kept falling out from dizziness, Also the 7 month before the M.R.I.

## VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT, CITE NO CASE OR STATUTE.

  Medical atte4ntion, treatment, proper medication, and a proper doctor to examine the physical and mental condition that I am now having, and I want this court to reward me for damage, in the amount $500,000.00, for the damage that has been caused to me while I have been incarcerated in the Coffee County Jail, because I any my body physical and mental was not in this condition before I extra this institution. $500,000.00, for future medical treatment, medication, testing that may be require improving my illness that has been caused by this institution, and reward me with punitive damage so

it can ensure that this same violation upon me will not again happen in the future matter, that may come in contact similar to this same incident. I ask for punitive damage for One Million Dollars. Compensation in the amount of One Million Dollar.

Continues from page_____ stating briefly the facts which support the grounds.

Doctor Cochram, the jail doctor refused to treat me because, upon stated words by me informing him that he  was not doing any thing to help me physical or medical wise, and that I was still in it seem worst shape than before,  I was still suffering with the same symptom. He then became argue and banned me from being brought to his medical ficialty for medical treatment, yet of that date until this date of this motion, this jail administrator, or administration has not taken to any other doctor or back it Dr. Cochram to try and get proper medical treatment for me, for the physical and mental medical problems that I now have from that fall, where they denied me attention, at the time of this happing and denied me medical attention, where I should have been taken to an emergency room at the hospital this same night, My condition and health is very poor, because the lack of medical attention that I need, for Ian still incarcerated in the Coffee County Jail, house under the Sheriff Department and their Administration, who hold authority over me, because if I was not incarcerated I could go and inquire the proper medical treatment that is needed, but now this is responsible for my condition, and the care of my condition, where they have over looked their responsibility are don't even care, October 4,2006, I was banned from Dr. Cochram office.

Going on to say, I was exposed to T.B. while in Coffee County Jail, an inmate was put in to the population with a full blow of T.B.-Cell Block#2 where I was housed at, after he was escorted to a lock down cell in the jail, later I was tested positive for TB, o the date 7-1-2006, I was then ordered by doctor to take medication for 6 months. I had been in the Coffee County Jail for now about 18

months. On the 3-3-2007, The Sheriff Department deputy came into cell block#2 with Tazer guns, in a extremely rage movement, about 5 shot was fired from shotguns, the deputy begun pointing shotgun from cell to cell at inmates, I feared from my life, I now have constantly bad nightmare's, because of this, with my poor health condition from fraction brain of medication, and now more than ever have developed a mental problem, by being FAILURE TO RECOMMEND PHENOLOGY:

_Derek Deele_ .

Plaintiff Signature

I declare under the penalty of perjury that the foregoing is true and correct.

Executed On:  5-19-08 .

_Derek Deele_ .

Plaintiff Signature

## FEDERAL RULES OF CIVIL PROCEDURE

Waiver of service of Summons,

To Capt. **DR. HENRY COCHRAM**

I acknowledge receipt of your request that I waive service of a summons in the action of Derek Dede;

Plaintiff of Civil Action which is case number. Civil Action; 1:07-cv-929-WKW in the District Court of

The United State For The Middle District OF ALABAMA. Southern Division. I have also received a

copy of the complaint in the action, two copies of the instrument, and a means by which I can return the

signed waiver to you without cost to me.

I Agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit

by not requiring that I (or the entity an whose behalf I an acting) be served with judicial process in the

manner provided by Rule 4.

I (or the entity an whose behalf I an acting) will retain all defenses or objection to the lawsuit or to

jurisdiction or venue of the court except for objections based on a defect in the summons or in the service

of the summons.

I understand that a judgment may be entered against me ( or the parry an whose behalf I am acting) If an

answer or motion under Rule 12 is not server upon you within (60) day after that date request was sent )

on or within (90)days after that date if the request was sent out side the United States.

5-14-08          Derek Dede

Date                              Signature

Printed\Type  Name:  Derek Dede

[As_____

[Of_____

addressed ) To pay the full costs of such service. Parties to waiver the service of the summons, which in

set forth an the reverse side (or at the foot) of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, Derek Dede, This the day

of _MAY 16_ _____ 2008

**SIGNATURE OF PLAINTIFF'S ATTORNEY OR UNREPRASENTED PLAINTIFF:**

Name _Derek Dede_

Coffee County Jail ~~Doctor~~, for

Coffee County Sheriff, Ben Moates,

District Court of the United State

For The Middle District of Alabama

Southern Division

Civil Action 107—CV-_929-WKW_

**FEDERAL RULE CIVIL PROCEDURE**

**NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS:**

To.*DR. HENRY COCHRAN*_____, Jail *DOCTOR* ~~Administration~~ of Coffee County Jail Sheriff, Ben Moates.

A lawsuit had been commenced against you (or the entity n whose behalf you are addressed), a copy of

the complaint in attached to this notice, it has been filed in the District Court of the United State for the

middle District of Alabama Southern  Division, And has been assigned Docket Number Civil Action 1:07

CV__929__WKW.

This is not a formal summons or notification from the court. But rather my request that you sign

and return the enclosed waiver service in order to save the cost of serving you with a judicial summons

and an additional copy of the complaints. The Cost of service will be avoided if I receive a signed copy

Of the date on waiver within (30) day after the date of designated below  as the date on which this notice

and request is sent, I enclose a stamped and addressed envelope ( or other means of cost-free return) for

your use. An extra copy of the waiver is also attached for you records.

If you comply with this request and return the signed waiver, it will be filed with the court and no

summons will be served on you, the action will then proceed as if you had been served on the date the

waiver is filed, except that you will not be obligated to answer the complaint for (60) days from the date

designed below as the date on which this notice is sent (or before (90) days from that date if your address

is in any judicial district of the United States).

If you do not return the signed waiver within the time indicated. I will take appropriate steps it

effect formal service in a manner authorized by the Federal Rule of Civil Procedure and will then, to the

extent authorized by those Rule ask the Court to require you (or the party on whose behalf you are

# DUTY AVAID UNNECESSARY COSTOF SERVICE OF SUMMONS

Capt. _DR. HENRY COCHRAM_

Rule 4 of Federal Rule Civil Procedure requires certain parties to cooperate in saving unnecessary cost of the summons and complaint. A

Defendant located in the United State who, after being notified of an action and taken by a plaintiff located in the United State to waive service of a summons. Fails to do so will be required to bear the cost of such service unless good cause be shown for failure to sign and return the waiver.

It is not good cause for failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper or in a court that lacks subject matter of the action or over its person or property. A part, who waive service of the summons retains all defenses and objection (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been bought

A defendant who waives service must the time specified on the waiver from serve on the plaintiff's attorney (or unresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court, if the answer or motion is not served within this time. A default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer then if the summons had been actually served when the request for waiver of service was received.

## AMENDED GROUNDS FOR RELIEF

Sheriff's Ben Moats, violated my constitutional right not to be exposure to tuberculosis by other inmates. Dennie Cooper by his untrained jailor who could have a criminal history, or some type of mental problems that would prevent them from carrying out the jail policy.

In a situation where it was known that inmates was product of tuberculosis, there were a break down in the injury, and as of resulted Mr. Derek Dede is having to continue to see a mental health treatment.

And sheriff Ben Moats are being suit in his person individual capacity, one million, for mental angry, one million for punitive damages

The record reveal that on November 28, 2006 Mr. Cooper enter Coffee County Jail, He listed on his inmate medical screening sheet that he had tuberculosis. T.B. The records further reveal that Mr. Dennis Cooper was on May 16, 2007 he was transferred to Kilby Correctional Facility.

Richard Moss Jail Administrator trained or should have been trained to take prompt action when there a medical problems arise, as a Jail Administrator, he should have known without prompt treatment that he had all the information that would indicate from the records, allowing Mr. Dennis Cooper to mix with the general population, that it would likely result injuries to other inmates.

Jail Administrator Captain Richard Moss, are being sued in Individual Capacity, one million for mental angry, one million for punitive damages

Known or should have known by mixing Mr. Dennis Cooper in the general population would result injuries to other inmates, could cause one constitutional rights not to be exposed to tuberculosis T.B. and defendant's are persons allowable under § 1983.

For a federal constitutional claim, when the jailer Administrator allow a group of officials to enter the jail with loaded weapons that shoot rubbers in a lock cell, where the inmates had no where to go to protect themselves from the rubber bullets, that was being firing in the lock cell, the officers could not have entered the Coffee County Jail without the approval of the Jail Administrator Ruth Scheipe, and they are persons under 42 U.S.C. §1983 and there is no dispute that it did not occurred. And in violation of Eighth Amendment.

The Plaintiff Derek Dede amend of Cand Stokes as one of the officer that was firing the rubber bullet in two cell, March 3, 2006.

Officer Shelton is amending as one of the officers firing the rubber pullets in cell two on March 3, 2006.

Officer Redman was also one of the officer firing rubber bullets on March 3, 2006.

Derek Dode 253851 E1-18-B
Easterling Corr Facility
200 Wallace Dr
Clio Al, 36017



OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT

P.O. Box 711

MonTGomery Al, 36101-0711