IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEREK DEDE, #253851, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:07-CV-929-WKW |
| | ) |
| SHERIFF BEN MOATES, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION**

Upon consideration of the motion to amend filed by the plaintiff on May 21, 2008, in which the plaintiff appears to clarify his claims against the county jail defendants and seeks to add Dr. Henry Cochran as a defendant, and for good cause, it is

ORDERED that:

1. The motion to amend be and is hereby GRANTED.

2. Dr. Henry Cochran be added as a defendant.

3. The defendants undertake a review of the subject matter of the complaint, as amended, (a) to ascertain the facts and circumstances; (b) to consider whether any action should be taken to resolve the subject matter of the complaint; and (c) to determine whether other similar complaints should be considered together.

4. The county jail defendants shall file a supplemental special report and defendant Cochran shall file a written report containing the sworn statements of all persons having

knowledge of the subject matter of the complaint, as amended.  This report shall be filed with the court and a copy served upon the plaintiff on or before June 30, 2008.

    5.  *Since this complaint contains claims of inadequate medical treatment, the defendants shall provide an affidavit from a health care professional which (i) contains a detailed explanation of the treatment provided to the plaintiff, and (ii) interprets the information contained in the medical records relevant to the claims presented in the complaint.  <u>The defendants shall likewise submit only those medical records relevant to the claims raised in the instant complaint and such documents shall be presented to the court in chronological order</u>*.

    6. *<u>All defenses including immunity defenses must be set forth in the written report or such defenses may be waived</u>*.  Authorization is hereby granted to the defendants to interview all witnesses who agree to such action, including the plaintiff.  *<u>Whenever relevant, copies of medical and/or psychiatric records shall be attached to the written report.  Where the plaintiff's claim or the defendants' defenses relate to or involve the application of administrative rules, regulations or guidelines, the written report shall include copies of all such applicable administrative rules, regulations or guidelines</u>.  In addressing the claims presented by the plaintiff, the defendant shall furnish copies of all documents, records and regulations relevant to the plaintiff's claims for relief*.

    7.  *If the defendants assert failure of exhaustion as an affirmative defense, they*

*must specifically identify the grievance procedure available to the plaintiff and/or the manner in which the plaintiff failed to exhaust a grievance procedure. If the plaintiff failed to undertake the available grievance procedure during his confinement in the jail/facility and such procedure is no longer available to him, the defendants shall so advise the court*. *Jones v. Bock*, 549 U.S. 199, ----, 127 S.Ct. 910, 921 (2006) (failure of exhaustion is an affirmative defense which must be raised by the defendants); *Woodford v. Ngo*, 548 U.S. 81, ----, 126 S.Ct. 2378, 2387 (2006) ("[T]he PLRA exhaustion requirement requires proper exhaustion."). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 2386. *If appropriate, the defendants may limit their report to assertion of the exhaustion defense*.

    8. An answer to the complaint, as amended, shall be filed by the defendants on or before June 30, 2008.

    9. No motion for summary judgment, motion to dismiss or any other dispositive

motions addressed to the complaint, as amended, be filed by any party without permission of the court.  If any pleading denominated as a motion for summary judgment, motion to dismiss or other dispositive motion is sent to the court, the court shall not file or otherwise treat the pleading as a dispositive motion until and unless further order of the court.

**The plaintiff is CAUTIONED that this court will not continue to grant him leave to amend without a showing of exceptional circumstances.**

The CLERK is hereby DIRECTED to furnish a copy of this order to the plaintiff and a copy of this order, the complaint, amendment to the complaint and attachment to amendment to defendant Cochran. A copy of this order and the amendment, including the attachment thereto, to the complaint shall likewise be furnished to counsel of record for the county jail defendants.

Done this 22nd day of May, 2008.

       /s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE