IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DEREK DEDE, #253851,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:07-CV-929-WKW |
| | ) |
| **SHERIFF BEN MOATES, et al.,** | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' SUPPLEMENTAL SPECIAL REPORT

COME NOW Ben Moates, Zack Ennis, Richard Moss, Candida Stokes, Austin Redman, and Jeffrey Shelton, Defendants in the above-styled cause, and submit their Supplemental Special Report to the Court.

### INTRODUCTION

On April 24, 2007, the Plaintiff originally brought suit against former Coffee County Sheriff Ben Moates and former Coffee County Jail Administrator Zack Ennis alleging that he had been exposed to tuberculosis (hereinafter "TB") and denied medical care. (See Dede v. Moates, United States District Court for the Middle District of Alabama, Case No. 1:07-cv-344-MEF-SRW, Doc. 1.) The Plaintiff's first lawsuit was dismissed on August 29, 2007, when the Plaintiff failed to respond to the Defendants' Special Report as ordered. Id. at Docs. 16, 17, 18. Less than two months later, the Plaintiff began the instant litigation. (Doc. 1.) The Plaintiff's latest lawsuit rehashes the same claims of his previous lawsuit including an alleged exposure to TB and denial of medical care for headaches and dizziness. Id. at pp. 2-3; Doc. 1-3 at pp. 1-2. The Plaintiff has, however, added a new claim that he was "traumatized" when deputies and jail staff were forced to quell a riot in the Plaintiff's cell block. Id. at p. 3.

The Plaintiff has now amended his Complaint for the second time. The Court granted the Plaintiff's latest motion to amend on May 22, 2008. (Doc.80.) The Court's Order added Dr. Henry Cochran as a Defendant and required these Defendants to file a supplemental special report regarding the newly alleged facts and circumstances and whether any additional action needed to be taken to resolve the subject matter of the Complaint. Id. at p. 1.[1] These Defendants now file their supplemental Special Report.

### PLAINTIFF'S ALLEGATIONS

With respect to these Defendants, the Plaintiff's new Complaint contains few differences from his previous filings. The Second Amended Complaint still makes two federal deliberate indifference claims and what appears to be a state law intentional infliction of emotional distress claim. The two deliberate indifference claims are both medically related – one for being exposed to TB and the other for providing inadequate medical treatment. The Plaintiff bases his infliction of emotional distress claim upon the "trauma" he suffered when deputies used force on other inmates to regain control of the Plaintiff's cell block during a riot. The only significant change is the Plaintiff's new request for equitable relief – a referral to a "phrenology" referral. (Doc. 79 at p. 3.)

### DEFENDANTS' RESPONSE TO PLAINTIFF'S AMENDED ALLEGATIONS

The Defendants deny the allegations made against them by Plaintiff as being untrue and completely without basis in law or fact. The Defendants deny that they acted, or caused anyone to act, in such a manner as to deprive Plaintiff of any right to which he was entitled. The Defendants raise the defenses of Eleventh Amendment immunity, qualified immunity, and other

---

[1] The Court also asked the Defendants to look at whether the case needs to be consolidated with other cases. (Doc. 80 at p. 1.) The only issue common with other lawsuits is the use of force surrounding the quelling of the March 3, 2007 riot in the jail. However, as the Defendants have consistently noted, no force was used on the Plaintiff during the riot as he remained in his cell. Therefore, in the Defendants' view, the Plaintiff has no colorable claim that would justify joining his lawsuit with those of the other inmates who have brought suit over the incident.

2

defenses as presented in their original Special Report. The Defendants reserve the right to add additional defenses if any further pleading is required or allowed by the Court.

## I.     RESPONSE TO PLAINTIFF'S AMENDED FACTS

Based upon the undersigned's review of the Second Amended Complaint, the Plaintiff appears to have made three new factual allegations with respect to his claims. First, regarding his headaches/dizziness claim, he alleged that the condition first started when he fell on November 17, 2005. (Doc. 79 at p. 6.). Second, he alleges that the deputies fired rubber bullets. Id. at p. 14.) Third, he alleges that Deputies Stokes and Redman fired rubber bullets. Id.

### A.     November 17, 2005 Fall.

The Plaintiff alleges that he fell in his cell on November 17, 2005. After the fall, he claims that both he and his cell mates tried to call for help, but no one answered. Finally, he claims that it took five days to get medical treatment despite his verbal complaints to unnamed jailers. (Doc. 79 at pp. 6-7.)

The Plaintiff's allegations simply do not match the evidence already in the record. As noted previously, the jail has a sick call procedure that was conducted daily. (Moates dec. ¶ 5.)[2] The Plaintiff's first written report of his headaches/dizziness did not occur until May 3, 2006. (Roberts dec. ¶ 4.) The Plaintiff told Dr. Cochran that he did not start passing out until May 6, 2006. (Inmate File, Medical Transport Sheet dated 9/1/06; Cochran dec. ¶ 11.) Dr. Cochran found nothing wrong with the Plaintiff other than muscle-tension headaches. (Cochran dec. ¶ 8.) After the Plaintiff became unruly at Dr. Cochran's office, he was taken to see Dr. Roberts who arranged for the Plaintiff to have a CT scan. The jail received no further instructions from medical personnel after the CT scan. (Inmate File, Medical Transport Sheet dated 10/5/06; Roberts dec. ¶¶ 9, 11.)

---

[2] Citations are to exhibits contained in the original Special Report.

### B. Projectiles Used During the March 3, 2007 Riot.

The Plaintiff alleges that the deputies fired rubber bullets during the March 3, 2007 riot. (Doc. 79 at p. 15.) The projectiles actually used were bean bag rounds. (Shelton aff. at ¶ 12.) Deputy Shelton was trained and certified as a Tactical Shotgun Instructor. Id. at ¶ 10. His training included the use of bean bag rounds.

### C. Who Fired the Bean Bag Rounds?

The Plaintiff alleges that Deputy Stokes, Deputy Redman, and Deputy Shelton fired rubber bullets. (Doc. 79 at p. 15.) As noted above, no one fired rubber bullets. Furthermore, the only deputy who fired anything was Deputy Shelton who fired a total of two bean bag rounds. (See generally Stokes aff.; Redman aff; see also Shelton aff. at ¶ 12.)

### D. The Plaintiff Has Still Not Alleged That He Was Injured.

While the Plaintiff has amended his Complaint to add specific, albeit incorrect, allegations regarding the riot, he has still failed to allege that any force was used against him. Although he alleges that rounds were fired into two cells, he does not, and cannot, allege that his cell was one of them. (Doc. 79 at p. 15.) The facts remain unchallenged that the Plaintiff remained in his cell and, accordingly, no force was ever used against him.

## II. LAW

These Defendants continue to rely upon the law cited and argued in their original Special Report. However, the Plaintiff's new equitable claim for relief does require a response from these Defendants. Specifically, the Plaintiff claims that the Court should order the Defendants to provide him with a phrenology referral.

"Phrenology" is "[t]he study of the shape and protuberances of the skull, based on the now discredited belief that they reveal character and mental capacity." The American Heritage Dictionary of the English Language, Fourth Edition. Retrieved June 30, 2008, from

4

Dictionary.com website: http://dictionary.reference.com/browse/phrenology. Consequently, it appears that the Plaintiff is demanding that the Court order the Defendants to provide him "treatment" that has been discredited. Obviously, this is something the Court should not do. Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989); Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Furthermore, even if a phrenology referral was appropriate, the Court should not order these Defendants to provide it. As the Plaintiff's return address on file with the Court indicates, the Plaintiff is an inmate with the Alabama Department of Corrections. These Defendants no longer have custody or control over the Defendant and therefore do not have the power to obtain for the Plaintiff the relief he seeks.

The fact that the Plaintiff is no longer under the control of the Defendants also demonstrates that his claim for equitable relief is moot as a matter of law. See, e.g., Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985) (prisoner's claim for injunctive relief was moot and properly dismissed, where prisoner had been transferred from county jail in which unconstitutional conditions allegedly existed); McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief." (citation omitted)). Furthermore, even if the Court were to interpret the Plaintiff's Second Amended Complaint as attempting to assert a class, his claims must be dismissed because the class was not certified before his transfer. See McKinnon, 745 F.2d at 1363 (citing Board of School Commissioners v. Jacobs, 420 U.S. 128, 130 (1975); Dudley v. Stewart, 724 F.2d 1493, 1494 (11th Cir. 1984)).

In addition to being moot, the Plaintiff's request equitable relief is barred because the Plaintiff lacks standing. A plaintiff seeking the jurisdiction of the federal courts must show a

5

personal stake in the outcome. Baker v. Carr, 369 U.S. 186, 204 (1962). The plaintiff must have sustained, or is about to sustain, some direct injury. Golden v. Zwickler, 394 U.S. 103, 109-110 (1969). Of direct relevance to the present case, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974).

In City of Los Angeles v. Lyons, the plaintiff alleged that he had been subjected to a chokehold by arresting officers in violation of his federally protected rights. 461 U.S. 95, 97 (1983). The plaintiff sought an injunction barring the future use of police chokeholds. Id. 461 U.S. at 98. After the Ninth Circuit affirmed the district court's grant of a preliminary injunction, the United States Supreme Court reversed, holding that the plaintiff lacked standing. Id., 461 U.S. at 99-100. The Court stated that the plaintiff's standing rested solely on pure speculation that he *might* be stopped by the police, *might* be arrested, and *might* be subjected to another chokehold. Id., 461 U.S. at 108. The court noted that five months elapsed between the choking incident and the filing of the complaint and the plaintiff was not subjected to another chokehold. Id.

The instant Plaintiff's claims are even more speculative than those in Lyons. Because the Plaintiff is no longer an inmate in the Coffee County Jail and is, instead, serving a sentence in the custody of the Alabama Department of Corrections, his claim is that he *might* escape or be released, *might* go to Coffee County, *might* be stopped by police, *might* be arrested by an officer with authority to incarcerate someone in the Coffee County Jail, *might* be incarcerated in the Coffee County Jail, and *might* still require a phrenology consult. Such speculation into future conduct – even if it did violate the Plaintiff's rights – does not grant the Plaintiff standing. Lyons, 461 U.S. at 108.

**CONCLUSION**

These Defendants deny each and every allegation made by Plaintiff, Derek Dede, in the Second Amended Complaint. The Defendants have not acted in a manner so as to deprive Plaintiff of any right to which he is entitled.

**MOTION FOR SUMMARY JUDGMENT**

The Defendants respectfully request that this Honorable Court treat their Special Report as supplemented as a Motion for Summary Judgment, and grant unto them the same.

Respectfully submitted this 30th day of June, 2008.

        **s/Gary L. Willford, Jr.**
        GARY L. WILLFORD, JR., Bar Number: WIL198
        Attorney for Defendants
        WEBB & ELEY, P.C.
        7475 Halcyon Pointe Drive (36117)
        Post Office Box 240909
        Montgomery, Alabama 36124
        Telephone: (334) 262-1850
        Fax: (334) 262-1889
        E-mail: gwillford@webbeley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 30th day of June, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

        Derek Dede, AIS #253851
        Easterling Correctional Facility
        200 Wallace Drive
        Clio, AL 36017

        **s/Gary L. Willford, Jr.**
        OF COUNSEL